ORIGINAL

FILED
DISTRICT COURT OF GUAM

DEC 26 2007

JEANNE G. QUINATA
Clerk of Court

1  LEONARDO M. RAPADAS
   United States Attorney
2  MIKEL W. SCHWAB
   Assistant U.S. Attorney
3  Sirena Plaza, Suite 500
   108 Hernan Cortez Ave.
4  Hagatna, Guam 96910
   Tel: (671) 472-7332
5  Fax: (671) 472-7215

6  Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| DAVID G. MATTHEWS, | CIVIL CASE NO. 07-00030 |
| Plaintiff, | |
| v. | MOTION FOR MORE DEFINITE STATEMENT |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

The United States hereby requests an Order requiring Plaintiff to file a Complaint to which a responsive pleading can be filed. The United States makes this Motion pursuant to the Federal Rules of Civil Procedure (Fed. R.Civ.P.), Rule 12 (e).

Plaintiff has filed a Complaint with the U.S. District Court on November 9, 2007, with a copy received by the U.S. Attorney's Office on November 13, 2007. Proper service under Fed. R.Civ.P., Rule 4 (I) has not occurred. The United States does not waive its objection to improper service.

The Complaint is without numbered paragraphs and the allegations are vague and ambiguous such that the United States cannot reasonably be required to frame a responsive pleading.

The Complaint mentions the Federal Tort Claims Act (FTCA) as to statute of limitations, but does not specify further on how the allegations fit within the statute. It mentions both

intentional infliction of emotional distress and invasion of privacy, again without enough detail to allow the United States to evaluate the allegations within the context of the FTCA.

Upon information and belief, the claim arises from an incident in which the Plaintiff and his wife were investigated for possible abuse of their daughter. Authorities were called to their home on the military base during an apparent confrontation between the parents and their 12-year-old daughter.

The Complaint seems to indicate that the ensuing interactions with COMNAVMAR security, Family Advocacy Program (FAP), Fleet and Family Support Center (FFSC), Guam Child Protective Services (CPS) and military attorneys, resulted in injuries to Plaintiff.

Plaintiff's Complaint describes interactions with the authorities that aggrieve him because the authorities were unprofessional and did not follow guidelines.

Plaintiff, at page 5, appears to accuse an official of falsifying a document and concealing the "crime".

At page 6 Plaintiff, a civilian employee of the military, alleges being placed before a "military tribunal". The United States is unaware of the described tribunal and would need more details to identify the proceeding Plaintiff is referencing.

Plaintiff claims, at page 8, to have been subjected to "mandatory, involuntary FAP CRC". The United States would need details about the allegation.

As a civilian hire, allowed to live on base, Plaintiff may have been subject to proceedings regarding his privilege to live on the base, but it is not clear from the Complaint.

At page 9, Plaintiff references being placed on a "federal registry as child abusers" but does not include a copy of the registry nor enough information to allow the United States to locate the particular registry. It is not clear if the "registry" alleged is a military housing list or a criminal listing in the United States.

The Complaint mentions grievances against the actions of named individuals without giving enough information for the United States to determine what injury under the FTCA would apply.

-2-

Case 1:07-cv-00030   Document 9   Filed 12/26/2007   Page 2 of 3

On page 14 of the Complaint, the Plaintiff lists numbered paragraphs of grievances without a clear statement about the relationship to the FTCA or to specific injuries or damages.

Page 16 references HIPAA violations and a failure to consider "Douglas Factors". The relationship to the FTCA and injuries is not clear.

The final page of the present Complaint references career damage and states that Plaintiff asked for and received early retirement, "which caused significant professional and monetary loss." The Freedom on Information Act is also referenced. The United States is unable to respond within the context of the FTCA, to these vague references.

Therefore, the United States requests an Order For a More Definite Statement.

SO SUBMITTED this 21st day of December, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

BY: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney

-3-