David G. Matthews
PO Box 25177
GMF, Guam 96921
671-789-0818


FILED
DISTRICT COURT OF GUAM

JAN 2 2 2008

JEANNE G. QUINATA
Clerk of Court

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

David G. Matthews,                                    CV-07-00030

        Plaintiff,

vs.

United States

        Defendant.

## NON-APPEARANCE OF DEFENDANTS – STATUS REPORT

Pursuant to Local Rule 16.1(e), Non-Appearance of Defendants – Status Report, the defendant has filed no answer to the complaint. Therefore, the plaintiff hereby submits this independent status report setting forth the information required in subsections A through L to the extent possible. The current status of the non-appearing party is that the defendant is awaiting a ruling on their motion for a more definite statement.

**(A) The nature of the case.** The plaintiff is suing the defendant for emotional distress and invasion of privacy under the Federal Tort Claims Act. The plaintiff claims injury or loss of property caused by the negligent or wrongful acts or omissions of employees of the federal government while acting within the scope of their offices and employment, 28 USC 1346(b). The plaintiff demands $1,951,894 in compensatory damages; removal of

ORIGINAL

the plaintiff's and his wife's names from the federal registry as child abusers; and that the defendant furnish to the plaintiff all information requested via the Freedom of Information Act (FOIA).

**(B) The posture of the case including hearings, motions and discovery.**

November 9, 2007, plaintiff filed complaint.

November 13, 2007, plaintiff served complaint and summons to defendant.

December 26, 2007, defendant filed motion for more definite statement.

January 3, 2008, plaintiff filed questions for court and opposition to defendant's motion for more definite statement.

January 22, 2008, plaintiff provided initial disclosures to the defendant.

**(C)** Refer to subsection **(D)** below.

**(D)** Parties have agreed in principle to a discovery plan in their draft scheduling order and discovery plan.

**(i)** At this time, the plaintiff requires no modifications for disclosures under Rule 26(a) and 26(e)(1) of the Federal Rules of Civil Procedure.

**(ii) A description and schedule of all pretrial discovery the plaintiff intends to initiate prior to close of discovery.** The plaintiff plans:

1. Interrogatories after analyzing the defendant's answers to specific aspects of the complaint. The plaintiff plans to provide interrogatories to the defendant within 30 days of receipt of the defendant's answer to the complaint.

2. Rule 34 document requests that seek (1) all documents reviewed, referred to, or identified in responding to any of the interrogatories served by the plaintiff on the defendant; (2) all documents, to include E-mail between DoD, CNI and COMNAVMAR

explaining, discussing, or referring to the FFSC FAP CRC tribunal involving the plaintiff; (3) the point or information paper drafted by Mr. Fisher regarding stateside-hire employees and FAP CRCs; (4) the investigative report prepared by LT Chiappetta.

3. Requests for Admissions to be determined after reviewing the defendant's answer to the complaint.

4. Any further discovery relevant to plaintiff's claims, not yet anticipated, that plaintiff's taking of the discovery listed above brings to light.

**E) The following dates:**

**(i) Proposed date limiting the joinder of parties and claims:** 5 months after filing complaint.

**(ii) Proposed date limiting the filing of motions to amend the pleadings:** 5 months after filing complaint.

**(iii) Assigned date for the required scheduling conference with the district judge:** February 7, 2008.

**(iv) Discovery cut-off date (defined as the last day to file responses to discovery).** 13 months after filing complaint.

**(v) Discovery and dispositive motion cut-off dates (the last day to file motions).** 4 months and 2 months before trial, respectively.

**(vi) Pretrial conference dates.** No later than 21 days before trial.

**(vii) Dates for filing trial brief, exhibit lists, witness lists, and the joint pretrial order as required by Local Rule 16.7.** No later than 14 days before trial.

**(viii) The trial date, and in no event shall the trial date be later than eighteen (18) months after the complaint is filed, unless the Court otherwise allows.** To be determined, but no later than May 9, 2009.

**(F) The prospects for settlement.** The plaintiff is open to a settlement and awaits the defendant to initiate settlement discussions.

**(G) Where the trial is jury or non-jury.** Non-jury.

**(H) Number of trial days required.** Anticipate 7 to 10 days to try this case.

**(I) The names of trial counsel.** Plaintiff: David G. Matthews, Pro Se; Defendant: Mikel W. Schwab, Assistant U.S. Attorney for the United States.

**(J) Whether the parties desire to submit the case early in the litigation to a settlement conference.** The plaintiff desires a settlement conference and awaits feedback from the defendant.

**(K) Suggestions for shortening trial.** The parties will explore stipulations for undisputed facts. Plaintiff reiterates desire for meaningful settlement discussions.

**(L) Any other issues affecting the status or management of the case.** The defendant has cooperated in preparing a draft scheduling order and many of the above answers were derived from the defendant's input.

So submitted this 22nd day of January 2008.

David G. Matthews, Pro Se
PO Box 25177,
GMF, Guam 96921
671-789-0818