# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| DAVID G. MATTHEWS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Case No. 07-00030<br><br>**ORDER RE: MOTION FOR MORE DEFINITE STATEMENT** |

This matter comes before the court pursuant to Defendant United States of America's Motion for More Definite Statement. Plaintiff David G. Matthews filed a document captioned "Questions for the Court and Opposition to Defendant's Motion for More Definite Statement." Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] The Court hereby issues the following decision.

Defendant contends that the allegations raised in the complaint "are so vague and ambiguous such that the United States cannot reasonably be required to frame a responsive pleading." Docket No. 9. He also alleges that the Complaint filed by Plaintiff "is without numbered paragraphs." Docket No. 9.

Plaintiff opposes the motion, arguing that the court's local rules do not require numbered paragraphs. Docket No. 11. His opposition to the motion primarily consists of substantive responses to the arguments raised by Defendant's motion, and additionally requests that the court impose sanctions upon Defendant for filing a frivolous motion. *Id.*

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

Rule 12(e) of the Federal Rules of Civil Procedure states: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The form of pleadings is governed by Rule 10, which states in relevant part:

> **Rule 10. Form of Pleadings.**
>
> . . . .
>
> **(b) Paragraphs; Separate Statements.** All averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence . . . shall be state in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth.

FED. R. CIV. P. 10(b). Rule 8 further states that "[a] pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction . . . the claim showing that the pleader is entitled to relief . . . a demand for the relief sought." FED. R. CIV. P. 8.

The Court agrees with Defendant that the Complaint, as drafted, is not in conformance with Rules 8 and 10 of the Federal Rules of Civil Procedure. The complaint is in narrative form, containing many averments in unnumbered paragraphs that do not properly or adequately notify Defendant of the allegations which require a response. The court recognizes that *pro se* pleadings must be liberally construed, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff, nevertheless, must comply with the requirements for pleadings set forth in the Federal Rules of Civil Procedure. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (holding that *pro se* litigants in the ordinary civil case are not excused from compliance with procedural rules). The Complaint filed herein does not comply with relevant rules of procedure.

Accordingly, Defendant's Motion for More Definite Statement is hereby **GRANTED**. Plaintiff shall have thirty (30) days from date of service of this Order to file an amended complaint. In light of its ruling herein allowing Plaintiff to amend his Complaint, the court holds in abeyance its decision on Defendant United States of America's Motion to Dismiss or, in the Alternative, Motion to Strike.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
        Chief Judge
Dated: Mar 20, 2008