Lewis W. Littlepage
**LITTLEPAGE & ASSOCIATES, P.C.**
396 W. O'Brien Drive
Hagatna, Guam 96910 • USA
Tel: (671) 475-1111
Fax: (671) 475-1112
E-Mail: lewis@littlepagelawfirm.com
guamlawyer@yahoo.com

*Attorneys for David G. Matthews*

FILED
DISTRICT COURT OF GUAM

APR 1 8 2008 RP

JEANNE G. QUINATA
Clerk of Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| DAVID G. MATTHEWS,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL CASE NO. 07-00030<br><br>AMENDED COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT FOR INVASION OF PRIVACY, FALSE LIGHT INVASION OF PRIVACY, AND FOR INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS |

COMES NOW David G. Matthews before this Court, by and through his attorney **Lewis W. Littlepage** of Littlepage & Associates, P.C., and does submit this Amended Complaint for Damages under the Federal Torts Claim Act for Invasion of Privacy, False Light Invasion of Privacy, and for Intentional and Negligent Infliction of Emotional Distress caused by the negligent, wrongful acts and omissions of employees of the United States of America while acting within the scope of their office or employment. In support of this claim, Plaintiff states as follows:

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1. Plaintiff is and was at all times relevant a resident of Guam, a resident of the District of Guam, and a former federal civilian employee working with the Department of the Navy.

2. Claims herein are brought against the United States of America pursuant to the Federal Torts Claim Act (28 U.S.C. § 2671 et seq.) and 28 U.S.C. § 1346(b)(1) for money damages as compensation for loss of property and personal injuries caused by the negligent and wrongful acts and omissions of employees of the Unites States Government while acting in the scope of their offices and employment under circumstances where the United States, if a private person, would be liable to the Plaintiff under the laws of the U.S. Territory of Guam.

3. Venue is proper pursuant to 28 U.S.C § 1402, in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Guam, and arose from the intentional, negligent, and malicious acts of the United States and its agents against Plaintiff.

4. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

5. This suit was timely filed on November 9, 2007, and is timely amended, pursuant to the Order of the Court, on or before April 19, 2008.

## EVENTS FORMING THE BASIS OF THE CLAIMS

6. On or about April 2002, Plaintiff accepted a U.S. Government Civil Service position

*David Matthews vs. United States of America*
*Civil Case No. 07-00030*
*Amended Complaint*

-2-

Case 1:07-cv-00030  Document 25  Filed 04/18/2008  Page 2 of 13

at a GS 14 level in the U.S. Territory of Guam.

7. On or about June 14, 2005, Debora Matthews, wife of Plaintiff, was taken into custody by Naval Security Personnel for alleged child abuse.

8. Navy Criminal Investigative Service (NCIS) at COMNAVMAR, Guam, investigated the incident and determined that no criminal activity had occurred. No charges were filed or brought against Debora Matthews, wife of Plaintiff by NCIS nor by the COMNAVMAR legal office. No referral was made to the local civilian police for the U.S. Territory of Guam by the COMNAVMAR legal office or by NCIS.

9. On or about June 16, 2005, Vince Pereda, a case manager with the Family Advocacy Program (FAP) of the COMNAVMAR Fleet and Family Support Center, Guam, contacted Plaintiff and Mrs. Matthews and requested to meet with Plaintiff and wife under the pretext of uniting the family. Vince Pereda created and maintained a case file on Plaintiff and wife.

10. Vince Pereda, FAP case manager with the COMNAVMAR Fleet and Family Support Center failed to inform Plaintiff or wife of the Privacy Act as required by 32 Code of Federal Regulations (CFR) Part 10, Department of Defense (DOD) Privacy Program, DOD Directive 5400.11, Privacy Program, and 32CFR Subpart F, Department of Navy (DON) Privacy Act Program.

11. The COMNAVMAR Fleet and Family Support Center, through FAP case manager Vince Pereda, by not informing Plaintiff or wife of the Privacy Act, failed to provide Plaintiff with information necessary to make an informed decision regarding meeting with a FAP case manager as

*David Matthews vs. United States of America*
*Civil Case No. 07-00030*
*Amended Complaint*

-3-

Case 1:07-cv-00030   Document 25   Filed 04/18/2008   Page 3 of 13

required by the above listed CFRs, Directives, and Programs.

12. Plaintiff and wife, at the request of Vince Pereda, FAP case manager with the COMNAVMAR Fleet and Family Support Center, met with Pereda on or about June 17, 2005.

13. Vince Pereda, FAP case manager with the COMNAVMAR Fleet and Family Support Center failed to inform Plaintiff at the meeting on June 17, 2005, of the Privacy Act as required by 32 Code of Federal Regulations (CFR) Part 10, Department of Defense (DOD) Privacy Program, DOD Directive 5400.11, Privacy Program, and 32CFR Subpart F, Department of Navy (DON) Privacy Act Program.

14. COMNAVMAR Fleet and Family Support Center FAP case manager Vince Pereda created and maintained a file on Plaintiff without informing plaintiff of the Privacy Act as required by 32 CFR Part 10, Department of Defense (DOD) Privacy Program, DOD Directive 5400.11, Privacy Program, and 32CFR Subpart F, Department of Navy (DON) Privacy Act Program.

15. COMNAVMAR Fleet and Family Support Center FAP case manager Vince Pereda failed to disclose to Plaintiff the reason or the possible consequences of the meeting Pereda had with Plaintiff on or about June 17, 2005.

16. COMNAVMAR Fleet and Family Support Center FAP case manager Vince Pereda never disclosed to Plaintiff or wife that the meeting was not privileged but subject to use against him in other proceedings.

17. Plaintiff requested of COMNAVMAR Fleet and Family Support Center FAP case

*David Matthews vs. United States of America*
*Civil Case No. 07-00030*
*Amended Complaint*

-4-

Case 1:07-cv-00030   Document 25   Filed 04/18/2008   Page 4 of 13

manager Vince Pereda if an attorney was needed to protect his rights. COMNAVMAR Fleet and Family Support Center FAP case manager Vince Pereda specifically failed to inform plaintiff of any possible legal consequences of any disclosures but sought only to reassure Plaintiff.

18. COMNAVMAR Fleet and Family Support Center FAP case manager Vince Pereda specifically failed to inform Plaintiff that, in accordance with OPNAV Instruction 1752.2A, Subject: Family Advocacy Program, dated 17 July 1996, and issued by the Department of the Navy, Office of the Chief of Operations, Washington D.C. that "All incidents of . . . child abuse that result in the initiation of a FAP case will be reviewed by the local CRC (Case Review Committee)".

19. Pursaunt to OPNAV Instruction 1752.2A, Subject: Family Advocacy Program, dated 17 July 1996, and issued by the Department of the Navy, Office of the Chief of Operations, Washington D.C., COMNAVMAR Fleet and Family Support Center FAP case manager Vince Pereda had no authority to refer a case to the CRC on a civilian not charged with a crime or any alleged wrongdoing within the confines of the United States.

20. COMNAVMAR Fleet and Family Support Center Family Advocacy Program determined to open and pursue a case against Plaintiff before the CRC without any basis or jurisdiction.

21. COMNAVMAR Fleet and Family Support Center Family Advocacy Program referred a case against Plaintiff to the local CRC.

22. Pursuant to OPNAV Instruction 1752.2A, the local CRC is comprised of not more than eight persons appointed by the local military commanding officer in conjunction with the military commander of the local medical treatment facility.

*David Matthews vs. United States of America*
*Civil Case No. 07-00030*
*Amended Complaint*

-5-

Case 1:07-cv-00030   Document 25   Filed 04/18/2008   Page 5 of 13

23. On or about September 7, 2005, the CRC met to determine hear the case brought by COMNAVMAR Fleet and Family Support Center FAP against Plaintiff.

24. The CRC received information obtained by COMNAVMAR Fleet and Family Support Center FAP case manager Vince Pereda in violation of 32 CFR Part 10, DOD Privacy Program, DOD Directive 5400.11, Privacy Program, and 32CFR Subpart F, DON Privacy Act Program.

25. Committee members adverse to the Plaintiff sought and succeeded in having a permanent member of the CRC removed from the CRC hearing regarding Plaintiff.

26. Plaintiff was not allowed the same opportunity to have members of the CRC removed to ensure fair and impartial tribunal.

27. Interview information obtained by COMNAVMAR Fleet and Family Support Center FAP case manager Vince Pereda during his interview of the Plaintiff and his wife on or about June 17, 2005, was removed from the files maintained by the COMNAVMAR Fleet and Family Support Center Family Advocacy Program regarding Plaintiff and his wife due to having been obtained in violation of 32 CFR Part 10, DOD Privacy Program, DOD Directive 5400.11, Privacy Program, and 32CFR Subpart F, DON Privacy Act Program.

28. Information obtained by COMNAVMAR Fleet and Family Support Center FAP case manager Vince Pereda during his interview of the Plaintiff and his wife on or about June 17, 2005, was subsequently placed back in the files of Plaintiff and wife and used against them, in violation of 32 CFR Part 10, DOD Privacy Program, DOD Directive 5400.11, Privacy Program,

*David Matthews vs. United States of America*
*Civil Case No. 07-00030*
*Amended Complaint*

-6-

Case 1:07-cv-00030   Document 25   Filed 04/18/2008   Page 6 of 13

and 32CFR Subpart F, DON Privacy Act Program at the CRC tribunal held on or about September 7, 2005.

29. As a result of the CRC tribunal, Plaintiff was reported to the Navy-Marine Corps Central Registry as a child abuser.

30. Pursuant to military directives, information regarding Plaintiff as a child abuser is maintained by the Defendant for fifty (50) years.

31. Plaintiff, as a government civilian employee, maintained a security clearance with the United States Government.

32. Security clearances are routinely denied by the Defense Security Service for persons who have been identified as child abusers.

33. Plaintiff was denied equal protection of the law as a civilian government employee being placed before a military tribunal when other civilian government employees equally placed are not subject to such a tribunal.

34. Plaintiff, being subjected to potential loss of his security clearance, was deprived of a property right without due process of law.

35. Military members may appeal findings of a CRC tribunal with full legal representation paid for by the United States Government.

36. Plaintiff, as a U.S. civilian employee, having been subjected to the same military

*David Matthews vs. United States of America*
*Civil Case No. 07-00030*
*Amended Complaint*

-7-

Case 1:07-cv-00030    Document 25    Filed 04/18/2008    Page 7 of 13

tribunal as a military service member, was denied the same right to free legal counsel on appeal.

37. Plaintiff was not informed of any right of appeal and therefore has exhausted his administrative remedies.

38. Not being notified of any right of appeal, Plaintiff requested to file an employee grievance but received no response as is required by DOD Personnel Manual DOD 1400.25-M.

39. COMNAVMAR provided information regarding Plaintiff to local civilian authorities prior to any determination by CRC tribunal of any alleged finding of child abuse, in violation of 32 CFR Part 10, DOD Privacy Program, DOD Directive 5400.11, Privacy Program, and 32CFR Subpart F, DON Privacy Act Program.

40. Defendant created a hostile working environment for Plaintiff.

41. Defendant threatened Plaintiff with punishment up to and including termination of employment if Plaintiff failed to follow the "recommendations" of the CRC tribunal.

42. The COMNAVMAR Facility Commander referred to Plaintiff as a child abuser in front of other persons.

43. The hostile work environment created by Defendant were caused by tangible employment action and served as a constructive discharge of Plaintiff. Plaintiff had little recourse but to resign.

*David Matthews vs. United States of America*
*Civil Case No. 07-00030*
*Amended Complaint*

-8-

Case 1:07-cv-00030   Document 25   Filed 04/18/2008   Page 8 of 13

44. The hostile work environment created by Defendant inflicted direct economic harm on the Plaintiff.

45. On or about July 18, 2005, COMNAVMAR Family Advocacy Program representatives talking to Plaintiff again failed to inform Plaintiff of the Privacy Act, as required by 32 CFR Part 10, DOD Privacy Program, DOD Directive 5400.11, Privacy Program, and 32CFR Subpart F, DON Privacy Act Program, and subsequently used discussions with Plaintiff against him in the CRC tribunal.

46. Defendant violated Plaintiff's First Amendment Rights to the United States Constitution for freedom of speech by exposing Plaintiff to retaliation for expressing his views regarding jurisdiction of the CSC tribunal and the Navy Family Advocacy program CSC tribunal.

47. Defendant violated Plaintiff's First Amendment Rights to the United States Constitution by exposing Plaintiff to retaliation for expressing his views regarding jurisdiction of the CRC tribunal and the Navy Family Advocacy program CRC tribunal.

48. Defendant intruded upon the seclusion of Plaintiff by conducting an investigation into Plaintiff's private concerns without justification or jurisdiction.

49. The intrusion into Plaintiff's private life by defendant was substantial and such that it would be found highly offensive to a reasonable person.

50. Defendant's intrusion into Plaintiff's private life extended to review of medical records of Plaintiff's family members without authorization, authority, or consent, and in violation

*David Matthews vs. United States of America*
*Civil Case No. 07-00030*
*Amended Complaint*

-9-

Case 1:07-cv-00030   Document 25   Filed 04/18/2008   Page 9 of 13

of 45 CFR 164.512(c) Standard: Disclosure about victims of abuse, neglect, or domestic violence.

51. Defendant, without authorization, authority, or jurisdiction, published details of Plaintiff's private life. Defendant informed COMNAVMAR and the Commander Naval Installations (CNI) Command of details of Plaintiff's private life.

52. Defendant, without authorization, authority, or jurisdiction, published Plaintiff in the Navy-Marine Corps Central Registry as a child abuser.

## CLAIMS

### I. INVASION OF PRIVACY

53. Plaintiff incorporates by reference paragraph 6 through 52.

54. Defendant intruded into plaintiff's private life and family matter in a manner highly offensive to a reasonable person.

55. Defendant publically disclosed to Plaintiff's employers and supervisors private facts which are offensive and objectionable to a reasonable person of ordinary sensibilities.

### II. FALSE LIGHT INVASION OF PRIVACY

56. Plaintiff incorporates by reference paragraph 6 through 55.

57. Defendant's actions placed Plaintiff before the public in a false light as a child

*David Matthews vs. United States of America*
*Civil Case No. 07-00030*
*Amended Complaint*

-10-

Case 1:07-cv-00030    Document 25    Filed 04/18/2008    Page 10 of 13

abuser.

58. The false light in which the Defendant placed Plaintiff is highly offensive to a reasonable person.

59. Allegations regarding Plaintiff unrelated to his employment were disclosed to employers.

60. The facts disclosed were private facts and not public facts.

61. Defendant had knowledge of, or acted in reckless disregard of, the false light in which Plaintiff would be placed by publication alleging him as a child abuser.

62. Defendant acted with malice in publishing Plaintiff as a child abuser in the Navy-Marine Corps Central Registry

63. Plaintiff suffered damages with respect to his property, business, trade, profession and occupation, including damages to employment opportunities.

64. Defendant's actions were extreme and outrageous.

65. Defendant's actions caused Plaintiff to suffer mental anguish, anxiety, embarrassment, and humiliation. Defendant should have realized that his conduct posed an unreasonable risk of causing distress to Plaintiff.

## III. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

66. Plaintiff incorporates by reference paragraph 6 through 65.

67. Defendant's actions were intentional, extreme and outrageous.

68. Defendant's actions caused Plaintiff to suffer mental anguish, anxiety, embarrassment, and humiliation, depression, feelings of helplessness and anguish.

69. The outrageous conduct of Defendant was the actual and proximate cause of the emotional distress suffered by Plaintiff.

70. Defendant should have realized that his conduct posed an unreasonable risk of causing distress to Plaintiff.

## IV. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff incorporates by reference paragraph 6 through 70.

72. Defendant's actions were negligent, extreme, and outrageous.

73. Defendant's actions caused Plaintiff to suffer mental anguish, anxiety, embarrassment, and humiliation, depression, feelings of helplessness and anguish.

74. The outrageous conduct of Defendant was the actual and proximate cause of the emotional distress suffered by Plaintiff.

*David Matthews vs. United States of America*
*Civil Case No. 07-00030*
*Amended Complaint*

-12-

Case 1:07-cv-00030    Document 25    Filed 04/18/2008    Page 12 of 13

75. Defendant should have realized that his conduct posed an unreasonable risk of causing distress to Plaintiff.

### RELIEF REQUESTED

76. Plaintiff requests that the Court order Defendant to remove Plaintiff's and family member names from the Navy-Marine Corps Central Registry where Plaintiff is currently listed as a child abuser.

77. Plaintiff requests that the Court order all records maintained by the Defendant identifying or alleging Plaintiff or any family members as a child abuser or suspected child abuser be expunged.

78. Plaintiff requests One Million, Nine Hundred Fifty-One Thousand, Eight Hundred Ninety Four Dollars ($1,951,894.00) in compensatory damages.

79. Plaintiff requests lost future wages.

80. Plaintiff requests reasonable attorney fees per statute and all costs.

81. Plaintiff requests any and all other relief which may be to which he may be entitled, in law or in equity.

**RESPECTFULLY SUBMITTED** this 18th day of April, 2008.

LITTLEPAGE & ASSOCIATES, P.C.

By: _____
Lewis W. Littlepage, Esq
Attorney for Plaintiff

*David Matthews v. United States of America*
*Civil Case No. 07-00030*
*Amended Complaint*

-13-