LITTLEPAGE & ASSOCIATES, P.C.
LEWIS W. LITTLEPAGE, ESQ.
396 W. O'Brien Drive
Hagåtña, Guam 96910
Telephone: (671) 475-1111
Facsimile: (671) 475-1112
E-Mail: guamlawyer@yahoo.com



FILED
DISTRICT COURT OF GUAM
MAY 05 2008 RD.
JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| DAVID G. MATTHEWS, | Case No.: 07-00030 |
| Plaintiff, | **APPLICATION FOR DEFAULT JUDGMENT** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant | |

COMES NOW Plaintiff David G. Matthews, by and through attorney Lewis W. Littlepage, and moves the Court, pursuant to Rule 55(b)(2) of the Federal Rule of Civil Procedure, for Default Judgment against all defendants, jointly and severally. Plaintiff, having timely filed his original and Amended Complaints under the Federal Torts Claim Act wherein Defendant has waived immunity, has complied with the requirements of Rule 55(d) of the Federal Rules of Civil Procedure and is entitled to a Default Judgment. Plaintiff's Application for a Default Judgment is supported by the Memorandum of Points

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
David G. Matthews vs. The United States of America
Civil Case No. 07-00030
Application for Default Judgment
Page - 1 -
Case 1:07-cv-00030   Document 27   Filed 05/05/2008   Page 1 of 5

and Authorities, the pleadings on file with this Court including the un-answered and un-denied original and Amended Complaints.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff on November 9, 2007, filed a Complaint against defendants under the Federal Tort Claims Act alleging Invasion of Privacy and Infliction of Emotional Distress. Defendant was served the original Complaint on November 13, 2007. Defendant's Answer was due no later than January 13, 2008. On December 26, 2008, Defendant filed a Motion for a More Definite Statement. On January 3, 2008, Plaintiff opposed the Motion for More Definite Statement, and Plaintiff provided initial disclosures to Defendant on January 22, 2008. On February 7, 2008, nearly a month *after* Defendant's Answer was due, Defendant filed a Motion to Dismiss based on technical inadequacies. The Court by ORDER dated March 20, 2008, provided Plaintiff with 30 days to file an Amended Complaint Pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedures. Plaintiff timely filed his Amended Complaint on April 18, 2008, alleging Invasion of Privacy, False Light Invasion of Privacy, and for Intentional and Negligent Infliction of Emotional Distress.

To date, no responsive pleading to either the original or the Amended Complaint has been filed or received by the Court, nor served on Plaintiff. Defendant did not request additional time of either the Plaintiff or the Court to answer. Plaintiff therefore moves for a Default Judgment against Defendant. Pursuant to Rule 15(a)(3) of the Federal Rules of Civil Procedure, defendant had until the later date of when the initial answer was due (January 13, 2008), or ten (10) days after service of the amended pleading. The Amended Complaint was served on April 18, 2008. The ten day period ended on May 2, 2008. Pursuant to Rule 15(a)(3), the latest date applies, therefore Defendant's Answer was due no later than May 2, 2008. This is in conformity with Rule 12(a)(4)(B) of the Federal Rules of Civil Procedure, which requires a response within ten (10) days after the More Definite Statement (in this

David G. Matthews vs. The United States of America
Civil Case No. 07-00030
Application for Default Judgment
Page - 2 -

Case 1:07-cv-00030    Document 27    Filed 05/05/2008    Page 2 of 5

case the Plaintiff's Amended Complaint) is served. The response by Defendant under either Rule 15(a)(3) or Rule 12(a)(4)(B) was due on May 2, 2008. Defendant did not respond.

Rule 55 (a) of the Federal Rules of Civil Procedure states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Under Rule 55 (b), *"Judgment,"*

> (1) **By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk — on the plaintiff's request, with an affidavit showing the amount due — must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) **By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

David G. Matthews vs. The United States of America
Civil Case No. 07-00030
Application for Default Judgment
Page - 3 -

Case 1:07-cv-00030   Document 27   Filed 05/05/2008   Page 3 of 5

Under Rule 55(e) of the Federal Rules of Civil Procedure, ***"Judgment Against the United States",*** a default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court. This statute is to protect the sovereign immunity of the United States. Plaintiff has filed under the Federal Torts Claim Act wherein defendant United States of American has waived sovereign immunity and therefore Plaintiff is entitled to relief.

Defendant's appearances have been only through non-responsive pleadings for an untimely filed Motion to Dismiss for technical irregularities and a Motion for a More Definite Statement. Despite gaining the extra time to prepare its Answer, Defendant failed to respond and Plaintiff is therefore entitled to Judgment by Default.

Plaintiff's damages are readily susceptible of determination, since he may testify as to the amount of pay he received prior to the incidents, his lost income and earnings, and the damage to his professional reputation. The Court may determine, based on the reasonable expectations of Plaintiff, the amounts he would have earned but for the wrongful conduct of the defendant which made it impossible for Plaintiff to continue to work.

Plaintiff has established a claim for relief by the pleadings filed in this matter. While the Plaintiff requests a sum certain and is therefore entitled to a Default Judgment entry by the Clerk of Court, Plaintiff has requested additional relief such that it would be proper for the Court to make such determination pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## CONCLUSION

Defendant was served and appeared in this matter. Defendant failed to file or serve an Answer to the Complaint, despite having crafted an extension of time within which to do so, by filing frivolous and unresponsive pleadings. Defendant failed to timely respond to the Amended Complaint in the time allowed by the Federal Rules of Civil Procedure. Plaintiff is therefore entitled to a Judgment by Default, and the Court may readily ascertain

David G. Matthews vs. The United States of America
Civil Case No. 07-00030
Application for Default Judgment
Page - 4 -

Case 1:07-cv-00030   Document 27   Filed 05/05/2008   Page 4 of 5

the amount of damages suffered by Plaintiff, based on the pleadings and Plaintiff's testimony at a hearing on this Application.

Respectfully submitted this 5th day of May, 2008.

**LITTLEPAGE & ASSOCIATES, P.C.**

By: _____
Lewis W. Littlepage, Esq.
Attorney for Plaintiff

David G. Matthews vs. The United States of America
Civil Case No. 07-00030
Application for Default Judgment
Page - 5 -

Case 1:07-cv-00030　　Document 27　　Filed 05/05/2008　　Page 5 of 5