LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
JESSICA F. CRUZ
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, GU 96910
Tel: (671) 472-7332
Fax: (671) 472-7215/7334

Attorneys for the United States

**FILED**
**DISTRICT COURT OF GUAM**

MAY 0 5 2008

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

DAVID G. MATTHEWS,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant

Case No.: 07-00030

**DEFENDANT UNITED STATES OF AMERICA'S ANSWER**

COMES NOW, the Defendant, UNITED STATES OF AMERICA, by and through the undersigned counsel, hereby submits its Answer to the Complaint as follows[1]:

### JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1. The United States is without sufficient information to admit or deny the allegations of this paragraph. Said allegations are therefore DENIED.

2. ADMITS.

3. ADMITS.

4. DENIED.

5. ADMITS.

### COMPLAINT

---

[1] The United States' Answer responds to the numbered paragraphs in Plaintiff's Complaint in the order that they are listed.

**ORIGINAL**

6. The United States is without sufficient information to admit or deny the allegation in this paragraph. Said allegation is therefore DENIED.

7. ADMITS that Debora Matthews was detained for questioning for suspicion of child abuse in connection with an incident involving her daughter on June 14, 2005.

8. ADMITS in part and DENIES in part. ADMITS that Navy Criminal Investigative Service ("NCIS") at COMNAVMAR, Guam, investigated the child abuse incident that reportedly occurred on June 14, 2005. ADMITS that the Navy conducted no further criminal investigation after the initial effort to question Debora Matthews and the matter was not referred to the Guam Police. The remaining allegations of this paragraph are DENIED.

9. ADMITS that Vince Pereda is a case manager with the Fleet and Family Service Center's ("FFSC") Family Advocacy Program ("FAP"). ADMITS that Vince Pereda called to arrange an appointment with Deborah Matthews and maintained a case file on Plaintiff and his wife. The remaining allegations of this paragraph are denied.

10. DENIED.

11. The allegations contained in paragraph 11 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

12. ADMITS that Plaintiff and Debora Matthews met with Vince Pereda on June 17, 2005. The remaining allegations of this paragraph are DENIED.

13. The allegations contained in paragraph 13 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

14. ADMITS that Vince Pereda maintained a case file Plaintiff and Deborah Matthews. The remaining allegations contained in paragraph 14 are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

15. DENIED.

16. DENIED.

17. DENIED.

18. The allegations contained in paragraph 18 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

19. The allegations contained in paragraph 19 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

20. DENIED.

21. ADMITS.

22. ADMITS. The permanent eight-person CRC includes a line officer, a physician, the Family Advocacy Representative, a psychologist, psychiatrist, or clinically approved mental health care provider, and a judge advocate. Other permanent members may include an MFT social worker or other clinical counselor eligible for independent provider status, Family Service Center counselor, child protective worker, shelter representative, pediatrician, pediatric and/or emergency room nurse, other physicians as appropriate, NCIS special agent (non-voting member), and base security/law enforcement agent. Other consultants and commanding officers may be invited to attend the CRC hearing as non-permanent members.

23. ADMITS that the CRC convened to hear the case against the Plaintiff. However, the United States is without sufficient information to admit or deny the allegations of this paragraph. Therefore, the allegations of this paragraph are DENIED.

24. ADMITS in part. ADMITS that the CRC received information from Vince Pereda. The remaining allegations contained in paragraph 24 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

25. The United States is without sufficient information to admit or deny the allegations of this paragraph. Therefore, the allegations of this paragraph are DENIED.

26. The United States is without sufficient information to admit or deny the allegations of this paragraph. Therefore, the allegations of this paragraph are DENIED.

27. ADMITS in part and DENIES in part. ADMITS that Plaintiff's remarks regarding incidents of abuse that took place in Saipan were redacted from the case files that were considered by the CRC. The remaining allegations of this paragraph are DENIED.

28. DENIED.

29. ADMITS that the Plaintiff was placed on the Navy's Central Registry as a result of the CRC's decision. The remaining allegations of this paragraph are DENIED.

30. The United States is without sufficient information to admit or deny the allegations of this paragraph. Therefore, the allegations of this paragraph are DENIED.

31. ADMITS.

32. The United States is without sufficient information to admit or deny the allegations of this paragraph. Therefore, the allegations are denied.

33. The allegations contained in paragraph 33 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

34. The allegations contained in paragraph 34 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

35. The United States is without sufficient information to admit or deny the allegations of this paragraph. Therefore, the allegations are denied.

36. ADMITS that Plaintiff was not entitled to free legal counsel paid for by the United States Government during the CRC hearing. The remaining allegations of this paragraph are DENIED.

37. DENIED.

38. DENIED.

39. ADMITS that Vince Pereda provided information to Guam Child Protective Services. DENIES the remaining allegations of this paragraph.

40. DENIED.

41. DENIED.

42. DENIED.

43. The allegations contained in paragraph 43 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

44. The allegations contained in paragraph 44 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

45. The allegations contained in paragraph 45 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

46. The allegations contained in paragraph 46 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

47. The allegations contained in paragraph 47 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

48. The allegations contained in paragraph 48 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

49. The allegations contained in paragraph 49 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

50. The allegations contained in paragraph 50 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

51. DENIED.

52. ADMITS that Plaintiff was placed on the Navy's Central Registry. The remaining allegations of this paragraph are DENIED.

53. To the extent that previous paragraphs are incorporated, ADMITS. Otherwise, denied.

54. The allegations contained in paragraph 54 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

55. The allegations contained in paragraph 55 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

56. To the extent that previous paragraphs are incorporated, ADMITS. Otherwise, denied.

57. The allegations contained in paragraph 57 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

58. The allegations contained in paragraph 58 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

59. DENIED.

60. The allegations contained in paragraph 60 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

61. DENIED.

62. DENIED.

63. DENIED.

64. The allegations contained in paragraph 64 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

65. DENIED

66. To the extent paragraph 66 incorporates previous paragraphs, ADMITS. Otherwise,

denied.

67. The allegations contained in paragraph 67 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

68. DENIED.

69. The allegations contained in paragraph 69 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

70. DENIED.

71. To the extent paragraph 71 incorporates previous paragraphs, ADMITS. Otherwise, denied.

72. The allegations contained in paragraph 72 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

73. DENIED.

74. The allegations contained in paragraph 74 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are DENIED.

75. DENIED.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The suit is barred because Plaintiff failed to exhaust his administrative remedies as required by the Administrative Procedures Act.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

### THIRD AFFIRMATIVE DEFENSE

Any alleged injury or loss sustained by Plaintiff was caused in whole or in part by and through the carelessness and negligence of Plaintiff and not by carelessness or negligence on the part of Defendant, its agents, servants or employees.

## FOURTH AFFIRMATIVE DEFENSE

Defendant United States, through its employees and agents, acted with due care and diligence at all relevant times.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Administrative Claim did not include claims for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress. Therefore, these claims are barred.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's does not request relief in his Complaint for First Amendment violations, Due Process violations, or Intrusion Upon Seclusion Invasion of Privacy. Any allegations involving these claims must be stricken from the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Any negligent or wrongful act or omission on the part of an employee or agent of the United States, if any, did not proximately cause the injuries and damages alleged by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff filed suit on his own behalf and not on behalf of anyone else. Plaintiff cannot seek relief on behalf of his wife, Deborah Matthews, or any other family member.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or diminished as a result of his failure to exercise reasonable care in mitigating his damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is limited to the amount of the claim that Plaintiff presented administratively. 28 U.S.C. § 2675(b).

## ELEVENTH AFFIRMATIVE DEFENSE

All future damages, if any, must be reduced to present value.

8

Case 1:07-cv-00030   Document 29   Filed 05/05/2008   Page 8 of 9

## TWELFTH AFFIRMATIVE DEFENSE

Income taxes must be deducted from all alleged past and future lost earnings, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

The actions of the FAP and CRC and its employees and agents are a discretionary function, and discretionary functions are excluded from the limited waiver of sovereign immunity. 28 U.S.C. § 2680(a).

## FOURTEENTH AFFIRMATIVE DEFENSE

The Federal Torts Claims Act does not permit a jury trial against the United States.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Federal Torts Claims Act prohibits punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert such additional affirmative defense as may appear as discovery proceeds.

Dated this 5TH day of May, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

MIKEL M. SCHWAB
Assistant U.S. Attorney
JESSICA F. CRUZ
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215