
1  LEONARDO M. RAPADAS
   United States Attorney
2  MIKEL W. SCHWAB
   Assistant U.S. Attorney
3  Sirena Plaza, Suite 500
   108 Hernan Cortez Avenue
4  Hagatna, Guam 96910
   Tel : (671) 472-7332
5  Fax : (671) 472-7215

6  Attorneys for the United States of America

7

8  IN THE UNITED STATES DISTRICT COURT
   FOR THE TERRITORY OF GUAM

9

10 DAVID G. MATTHEWS,                    CIVIL CASE NO. 07-00030

11              Plaintiff,               **DEFENDANT UNITED STATES OF AMERICA'S MOTION TO ENLARGE TIME, SET ASIDE DEFAULT; UNINTENTIONAL ERROR, CLERICAL MISTAKE; DECLARATION OF MIKEL W. SCHWAB**
        vs.
12
   UNITED STATES OF AMERICA,
13
                Defendant.
14

Pursuant to Fed. R. Civ. P. 6(b)(1) (B), 60(b) and 55 the United States respectfully moves to extend the time for filing its Answer to Plaintiff's Amended Complaint, and to set aside the default, if any is entered[1]. Any inactions which have lead to a late filing were due to an unintentional clerical error on the part of this Assistant United States Attorney. That error resulted from calendaring the Answer to the Amended Complaint for 30 days rather than 10 days. That calendaring error occurred, in part, due to the transition of clerical assistance at the

---

[1] At this filing, Plaintiff has requested an Entry of Default due to a late filing of the Answer by the United States.

1

attorney's office. The error was solely on the part of this individual attorney and not an action by the United States with intent to willfully neglect or default.

The United States is ordinarily responsible to answer a complaint in 60 days. Fed. R. Civ. P. 12(a)(3). The Plaintiff in this case filed his new complaint, subsequent to a Motion for More Definite Statement, on April 18, 2008. An Amended Complaint filed after a Motion for More Definite Statement requires an Answer in 10 days. Fed. R. Civ. P. 12(a)(4)(B). The United States mistakenly calendared the responsive pleading following 12(a)(3) instead of under 12(a)(4)(B). The Answer was due on May 2, 2008, but was filed on May 5, 2008, three days beyond the 10 day deadline.

The error was both inadvertent and unlikely to be repeated. The confusion and clerical error corresponds with personnel turnover at the United States Attorney's Office. The Civil Legal Assistant, with calendaring expertise, left the U.S. Attorney's Office on January 1, 2008. A new hire took over the duties on April 3, 2008. In the interim this AUSA began making entries to the calendar. This AUSA inadvertently calendared the Answer following Fed. R. Civ. P. 12(a)(3) instead of Rule 12(a)(4)(B). The United States filed its Answer on May 5, 2008.

Fed. R. Civ. P. 60 allows for relief from a Judgment where the Court finds a mistake or inadvertence. Defaults are a disfavored conclusion to a civil action. Schwab v. Bullock's Inc., 508 F.2d 353, 356 (9th Cir. 1974) ("...the court faced with a motion to vacate default is required to resolve doubt in the movant's favor.") Defaults against the United States are particularly disfavored and generally require more than missing of a date for submission of a pleading. Borzeka v. Heckler, 739 F.2d 444, 446 (9th Cir. 1984).

One of the reasons for disfavoring a default against the United States was enunciated by

2

the Fifth Circuit: "[Rule 55(e)] rests on the rationale that the taxpayers at large should not be subjected to the cost of a judgment entered as a penalty...." Campbell v. Eastland, 307 F.2d 478, 491 (5th Cir. 1962). A default against the People has an added dimension that is to be avoided. Rule 55(e) states that "[n]o judgment by default shall be entered against the United States ... unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." *See* Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000).

In AutoAlliance International, Inc. v. United States, 28 C.I.T. 1856, 350 F.Supp. 2d 1244 (2004), the United States failed to timely file an answer to a claim. The Court set aside the default entry due to "excusable neglect". The Court noted that the failure to file a timely response "does not appear to have been in bad faith, willful, or more than inadvertent error." 350 F.Supp. at 1248 *citing,* O'Connor v. U.S. Army Claims Service, 29 F.3d 633, (9th Cir. 1994) ("The magistrate judge found no misconduct by the attorney and that, even if there had been misconduct, **default against the United States** was not warranted.") (emphasis in the original).

Prejudice to the party that sought the entry of default is absent in this case. The standard for "prejudice" is whether [plaintiff's] ability to pursue his claim will be hindered. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001), *citing* Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). "The delay would have to result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Thompson v. American Home Assur. Co., 95 F.3d 429, 433 (6th Cir. 1996). The ordinary cost of litigating is not cognizable as a prejudice factor. TCI Group Life Ins. Plan, 244 F.3d at 701.

This AUSA did not calendar the response date because of an error in the application of the Civil Rule. This error is unlikely to be repeated with the replacement of its Legal Assistant

3

with focus and expertise in calendaring, and the AUSA offers his apology for the inadvertent, unintentional clerical error.

Therefore, it is humbly and apologetically requesting that the Court set aside the default, if any is entered, and allow the United States an enlargement of time to file its Answer.

DATED this 6th of May, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney

4

# DECLARATION OF MIKEL W. SCHWAB

1. I am an Assistant United States Attorney for the United States Attorney responsible for civil matters and cases in the Districts of Guam and the NMI. I currently have approximately 324 matters and cases in the District of Guam.

2. During a transition between the departure of one Civil Legal Assistant and the hiring of a new Civil Legal Assistant, I have placed items on calendar for responses.

3. In the above entitled matter I placed the response time due as a normal Answer to a Complaint pursuant to Fed. R. Civ. Pro. 12(a)(3) In fact, the Answer should have been calendared as a response to a Complaint filed subsequent to a Motion For More Definite Statement pursuant to Fed. R. Civ. Pro. 12(a)(4)(B).

4. As a result, the Answer was filed on the 5th of May, 2008, rather than the 2nd of May, 2008.

5. The mistake was inadvertent and unlikely to be repeated.

I hereby declare under penalty of perjury of the laws of the United States that the forgoing is true and correct.

EXECUTED this 5th day of May, 2008, Hagatna, Guam

MIKEL W. SCHWAB