**LITTLEPAGE & ASSOCIATES, P.C.**
**LEWIS W. LITTLEPAGE, ESQ.**
396 W. O'Brien Drive
Hagåtña, Guam 96910
Telephone: (671) 475-1111
Facsimile: (671) 475-1112
E-Mail: guamlawyer@yahoo.com



**FILED**
DISTRICT COURT OF GUAM

MAY 20 2008 cbs

**JEANNE G. QUINATA**
**Clerk of Court**

# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| DAVID G. MATTHEWS, | Case No.: 07-00030 |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO ENLARGE TIME AND TO SET ASIDE DEFAULT** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant | |

    **COMES NOW** plaintiff David Matthews, by and through attorney Lewis W. Littlepage, and does oppose Defendant's Motion to Enlarge Time and to Set Aside Default. Defendant has offered no reason that justifies excusable neglect as required by Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. Because Defendant has not shown excusable neglect, the Court need not entertain any meritorious defense. The Default Judgment should be entered and this case

**ORIGINAL**

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default
Page - 1 -
Case 1:07-cv-00030  Document 31  Filed 05/20/2008  Page 1 of 20

proceed to determining the extent of damages and imposition of the remedies requested by Plaintiff.

## NO EXCUSABLE NEGLECT

Defendant alleges "excusable neglect" as the reason for his late filing of his Answer and requests an extension of time. In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct 1489, 123 L.Ed.2d 74 (1993), the Supreme Court has established a balancing test for "excusable neglect" which requires an equitable determination "taking into account all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. Such factors include "the danger of prejudice to [an adverse party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* But the Supreme Court stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392.

The Declaration of Mikel W. Schwab attached Defendant's Motion to Enlarge Time is, at the very least, confusing. The declaration states that Mr. Schwab is the responsible party for the miss-calendaring of the proper response date but also states that a clerk took over those duties two weeks prior to the filing of the Plaintiff's More Definite Statement (Amended Complaint). In either case, the neglect is un-excusable.

The leading case in the Ninth Circuit regarding "excusable neglect" is *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004) (en banc)(hereafter referred to as *Pincay II*) (describing a misreading of court rules as "egregious" but affirming the district court's consideration of other

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default
Page - 2 -
Case 1:07-cv-00030 Document 31    Filed 05/20/2008    Page 2 of 20

factors). In *Pincay II*, a sophisticated law firm, with what it thought was a sophisticated system to determine and calendar filing deadlines, missed a critical filing deadline, the 30-day time period in which to file a notice of appeal under Federal Rule of Appellate, because of a paralegal's error. See id. at 860. An experienced trial judge found excusable neglect, and the appellee asked the Ninth Circuit to overturn that ruling. The Ninth Circuit reviewed for abuse of discretion and upheld the excusable neglect under the factors set for in Pioneer. The Ninth Circuit did not hold that the district court was required to find excusable neglect under those circumstances, but upheld a finding of excusable neglect because they found the evidence sufficient to support it. See id.

As stated earlier, the majority in *Pincay II* described the misreading of the rules as "egregious". The minority dissenting opinion went even farther. Judge Kozinski, with whom Judges Rymer and McKeown joined, stated "I would hold that the error here - whether made by the lawyer, the calendaring clerk or the candlestick-maker - is inexcusable and dismiss the appeal as untimely." The majority and minority in *Pincay II* were in agreement that the misreading of the rules is egregious does not usually constitute excusable neglect. See *Pioneer*, 507 U.S. at 392.

*Pincay II* is similar to the case before the Court but the factors that allowed the Ninth Circuit to find excusable neglect in *Pincay II* are not present in this case. The evidence supporting excusable neglect in *Pincay II* is not present in this case before the Court. In *Pincay*, the attorney was not in the office to supervise the clerk. *Pincay v. Andrews*, 351 F.3d 947, 949 (9th Cir. 2003)(hereafter referred to as *Pincay I*). There is no such claim by the defendant in this case. In *Pincay I*, when asked by the attorney, the clerk misinformed the attorney of the relevant

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default
Page - 3 -
Case 1:07-cv-00030   Document 31   Filed 05/20/2008   Page 3 of 20

time period. *Pincay I*, 351 F.3d at 949. The attorney in the case before the Court never asked. The attorney was never misinformed by the clerk. In *Pincay II*, it was noted that the attorney did, within the appeal deadline period make an effort, although an exceedingly poor one, to ascertain the appeal deadline; he did not ignore the issue entirely. *Pincay II* 389 F.3d at 858 (9th Cir. 2004) (en banc), concurring opinion of Judge Berzon. In the case before the Court, the assigned attorney ignored the issue entirely. The above factors noted in *Pincay I and II* allowed the District Court to find excusable neglect. None of these factors are present in the case before the Court. Nowhere in the proceedings in this case does the lawyer state that he is not familiar with the Federal Rules of Civil Procedure. Nowhere does he state that he misremembered them. Defense counsel either was negligent in not applying the proper rule or negligent in relying on his clerk. Assuming that, as stated in Mr. Schwab's Declaration, a clerk took over those duties two weeks prior to the when the date would have been calendared, defense counsel's obligation to know relevant law cannot be delegated in this way to a non-lawyer. A solo practitioner would not even be in a position to attempt this kind of delegation.

Membership in a large firm, even the U.S. Attorney's Office, does not give the lawyer leave to delegate to others the basic rules of the lawyer's practice. Acceptance of this as "excusable neglect" sets up a dual standard in the Ninth Circuit where large law firms can blame the non-lawyer and it will be considered excusable neglect, and the small law firm or solo practitioner would be considered negligent to the point of it being egregious.

While "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect" (Pioneer, 507 U.S. at [392], 113 S.Ct. at 1496), the Ninth Circuit in *Pincay II* established a four-part balancing test to guide District Courts as they

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default
Page - 4 -
Case 1:07-cv-00030   Document 51-4   Filed 05/20/2008   Page 4 of 20

consider whether a claim of "excusable neglect" will lie. The four factors to be reviewed are: (1) the danger of prejudice to the non-moving party; (2) the length of the delay; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith. Under these factors, the actions of the defendant are not excusable neglect.

### 1. THE DANGER OF PREJUDICE TO THE NON-MOVING PARTY

Plaintiff concedes that in most cases, as recognized by Judge Kozinski in the dissenting opinion in *Pincay II*, 389 F.3d at 861 (9th Cir. 2004), prejudice to an adverse party is typically minimal. However, this is not the case in this instant. Plaintiff faces substantial prejudice and long lasting prejudice. Defendant's actions, in reporting Plaintiff as a "Child Abuser" to the Navy-Marine Central Registry has consequences that will directly affect the defendant for the next 10 years. In an effort to salvage his career with the United States Government, Plaintiff re-enlisted with the Army Reserve after being out of the service for over 17 years. Plaintiff, in his civilian position with the United States Navy, and in his current position with the U.S. Army Reserve, maintains a security clearance. Under the Adjudicative Guidelines for Determining Eligibility for Access to Classified Information, Guideline E, Personal Conduct, Plaintiff now must acknowledge that he had been labeled as a child abuser by the United States Navy when applying for or renewing his security clearance with the United States Government. Defendant's actions, labeling Plaintiff a child abuser, may have an effect on his current security clearance with the Army Reserve and will prevent him from obtaining a top secret security clearance that he previously held with the Army Reserves. This has the direct potential to deny Plaintiff promotions and income for the foreseeable future. Plaintiff, having rejoined the Army Reserve,

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default

- 5 -

Case 1:07-cv-00030    Document 31    Filed 05/20/2008    Page 5 of 20

will soon be deployed to Iraq for an extended period of time. Plaintiff, in order to protect his rights in this matter will have to invoke the Servicemembers Civil Relief Act at that time. But even the Servicemembers Civil Relief Act cannot provide full protection to the Plaintiff. Any update to Plaintiff's security clearance will follow him, the rest of his governmental career and deny him promotions and job opportunities. The damage will already have been done. Defendant will win just by merely continuing and dragging out this litigation. Plaintiff will then face separate and additional litigation appealing denial or reduction of a security clearance so that he may continue to work in his chosen profession. Plaintiff has already been prejudiced in his chosen career by the actions of the Defendant. Any delay will continue to prejudice the defendant in his present job and future job opportunities. Plaintiff is also prejudiced by the costs or burdens of the future litigation regarding his security clearance which can be resolved by timely action of this Court by denying Defendant's claim of excusable neglect. This factor favors a decision in favor of Plaintiff.

## 2. THE LENGTH OF DELAY

Plaintiff concedes that the length of the delay was short, being only three days after the filing deadline. Plaintiff also notes that Defendant only filed then because Plaintiff moved for default judgment. Had Plaintiff not acted to move this case along, Defendant would have not filed any answer. However, the public's interest in expeditious resolution of litigation always favors quick resolution so as not to use scarce judicial resources. See *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990).

/
/
/

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default

Case 1:07-cv-00030    Document 31    - 6 -    Filed 05/20/2008    Page 6 of 20

### 3. THE REASON FOR THE DELAY, INCLUDING WHETHER IT WAS WITHIN THE REASONABLE CONTROL OF THE MOVANT

The reason for the delay was INEXCUSABLE negligence. The four factors for determining excusable neglect are not of equal weight. *Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003) (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2003)); *Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5-6 (1st Cir. 2001); *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994). The opinion in *Pincay II* recognized the reason for the delay and whether it was within the control of the movant as the most important factor in determining whether the neglect was excusable. This is the determining factor which puts the teeth in the Supreme Court's decision in *Pioneer* ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392). The actions were entirely within the control of the defendant. Defendant was the party that moved for a More Definite Statement. Defendant knew or should have known when they filed the motion that a response was due ten days after the more definite statement. Defendant knew or should have known when they received the more definite statement that a response was due within ten days. None of the factors that allowed the district Court in *Pincay* to find excusable neglect are present in this case.

The decision in *Pincay II* does not signify that a lawyer's delegation of tasks to another lawyer or to a non-lawyer employee amounts to excusable neglect if the other lawyer or staff member errs. Furthermore, courts have overwhelmingly held that a lawyer's failure to understand the plain language of federal rules cannot constitute excusable neglect. See, e.g., *Kaubisch v. Weber*, 408 F.3d 540, 543 (8th Cir. 2005); *United States v. Torres*, 372 F.3d 1159, 1163-64 (10th Cir. 2004); *Graphic Commc'ns*, 270 F.3d at 7-8; *Advanced Estimating Sys., Inc. v.*

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default
Page - 7 -

Case 1:07-cv-00030   Document 31   Filed 05/20/2008   Page 7 of 20

*Riney*, 130 F.3d 996, 997 (11th Cir. 1997); *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133-34 (7th Cir. 1996); *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994). A party may not use excusable neglect in what is a transparent attempt to obtain relief for a failure to timely file. See *In re Stein*, 197 F.3d 421, 424-25 (9th Cir. 2000), as amended.

A different result should not be obtained simply because a lawyer delegates the task of reading and applying a rule to non-lawyer support staff. *Pincay II* appears to dramatically relax the excusable neglect standard and to reward lawyers for abdicating their professional responsibilities. But that is not actually the case. The standard is still the same and the directions of the Supreme Court in *Pioneer* still apply. *Pincay II* stands for the proposition that the trial judge is better able to make that determination.

Where there is fault, excusable neglect is the measure. Disputes involving Rule 6(b)(1)(B) mostly turn on the meaning of excusable neglect. In 1993, the Supreme Court endorsed a more generous interpretation of excusable neglect in *Pioneer*, 507 U.S. at 395. In *Pioneer*, the Court was called upon to decide whether an attorney's inadvertent failure to timely file a bankruptcy proof of claim could constitute excusable neglect within the meaning of Bankruptcy Rule 9006(b)(1). The Court concluded that the determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." In determining whether to allow late filings, circumstances that courts should consider include "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default

Page - 8 -

Case 1:07-cv-00030   Document 51   Filed 05/20/2008   Page 8 of 20

Although decided in the bankruptcy context, the Pioneer approach logically applies to controversies under other rules where excusable neglect is the standard for granting extensions of time. Thus, in deciding whether to allow a party to file a notice of appeal out of time, a court should consider (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. These four factors do not bear equal weight; the third factor—the reason for the delay—clearly is the most important. This makes sense, because the first, second and fourth factors easily favor the movant in most cases; non-moving parties are seldom prejudiced because delays in this context are usually short, and delays attributable to bad faith are exceedingly rare. When it comes to the reason for the delay, it is important to understand that even under the equitable and flexible *Pioneer* standard, not any excuse will suffice. The moving party still must offer a "satisfactory explanation" for its tardiness. Courts often hold neglect to be inexcusable. See, e.g., *Gibbons v. United States*, 317 F.3d 852, 855 (8th Cir. 2003) (affirming district court's conclusion that neglect was not excusable); *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996) ("If there was 'excusable' neglect here, we have difficulty imagining a case of inexcusable neglect."). In making excusable neglect determinations, a party's fault or that of its attorneys is the most important consideration. In the Ninth Circuit, as elsewhere, a lawyer's mistake of law, such as misinterpreting a clear rule, generally does not constitute excusable neglect. See, e.g., *Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir. 1994) (concluding that district court abused its discretion when it found excusable neglect for an attorney misinterpreting clearly worded rules.)

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default

Case 1:07-cv-00030  Document 51 - 9 - Filed 05/20/2008  Page 9 of 20

Counsel for the Defendant is ambiguous about taking the blame or placing it on the on the calendaring clerk hired two weeks prior to the when the date should have been placed on the calendar. Assuming that Defendant's counsel used the calendaring clerk, Defendant delegated a professional task to a nonprofessional to perform. Knowledge of the law is a lawyer's stock in trade. Bureaucratization of the law such that the lawyer can turn over to non-lawyers the lawyer's knowledge of the law is not acceptable for our profession. The focus must be on the lawyer. Paralegals and other non-lawyers perform services in firms; many of the services involve knowledge of the law and were once performed by junior lawyers. But delegation does not relieve a lawyer of responsibility for personal knowledge. When the lawyer delegates, he retains responsibility for knowing the law. If defense counsel did not delegate, he was negligent himself.

Nowhere in any filing by the Defendant does the lawyer state that he is not familiar with the Federal Rules of Civil Procedure. Nowhere does he state that he misremembered them. All that the lawyer states is that the wrong rule was applied. A lawyer's obligation is to know relevant law. Failure of the lawyer to know relevant law cannot be delegated to a non-lawyer. A solo practitioner would not even be in a position to attempt this kind of delegation. Membership in a large firm does not give the lawyer leave to delegate to others the basic rules of the lawyer's practice. The *Pincay I* court concluded that under *Pioneer*, ignorance of clear rules or mistakes in construing them do not ordinarily constitute excusable neglect. In this case, the lawyer made the mistake and is negligent. Or the lawyer's delegation and non-supervision of the calendaring process was compounded by his delegation of his need to know the rules to a non-lawyer. Accordingly, the Court should find that Defendant is not entitled to an extension of time.

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default
Page - 10
Case 1:07-cv-00030    Document 31    Filed 05/20/2008    Page 10 of 20

The task of keeping track of necessary deadlines will involve some delegation. The responsibility for the error falls on the attorney regardless of whether the error was made by an attorney or a paralegal. See Model Rules of Professional Conduct R. 5.5 cmt. 2 (2002) ("This Rule does not prohibit a lawyer from employing the services of paraprofessionals and delegating functions to them, so long as the lawyer supervises the delegated work and retains responsibility for their work.").

The clerk's misreading of the rule in *Pincay* was an "egregious" mistake; the lawyer in *Pincay* undoubtedly should have read the rule himself rather than relying on the clerk; and the clerk and the lawyer both were negligent as a result. In this case the lawyer was negligent by not reading the rule. Or the lawyer was negligent as second time by not checking or supervising the clerk. But as noted in *Pincay II*, the fact that the clerk and the lawyer were both negligent is the starting point in the court's excusable neglect analysis, not the end of it. As noted in *Pincay II*, the "real question" was whether the facts were such that the determination of excusable neglect was within the district court's discretion. In analyzing this issue, the court focused on the third Pioneer factor, the reason for the delay. In *Pincay II*, the fault was characterized as "the failure of a 'carefully designed' calendaring system operated by experienced paralegals that heretofore had worked flawlessly." This is similar to the allegation of the Defendant in this case. But there the similarity ends.

The calendaring system was not carefully designed. A lawyer does not read the rules and miscalendars a date or an unsupervised paralegal read rules and calendared what he believed to be the correct deadlines. It is obvious that no one was responsible for double-checking the calendar system. Absent human supervision, the "system" had no means of detecting errors.

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default
Page - 11
Case 1:07-cv-00030    Document 81    Filed 05/20/2008    Page 11 of 20

Furthermore, the system did not fail; it worked flawlessly. "The wrong date was calendared with meticulous efficiency and accuracy." The problem was that the ignored the rule and calendared a wrong date or the paralegal misread a crystal clear rule and calendared the wrong date, an error by either that is "egregious." Indeed, if the neglect in this case was excusable, it is hard to imagine a case in which the neglect might be called inexcusable. Even after Pioneer, courts generally hold that run-of-the-mill carelessness is not excusable neglect. See *Envisionet Computer Servs., Inc. v. ECS Funding L.L.C.*, 288 B.R. 163, 165-67 (D. Me. 2002) (finding no excusable neglect where lawyer failed to calendar deadline).

Even if it might be argued that the lawyer's error in calendaring a deadline or a non-lawyer's mere error in failing to record a deadline properly may amount to excusable neglect, this is not such a case. The problem is not that the attorney calendared the wrong date but that he ignored the Rules of Civil Procedure, did not follow the Rules, did not read the Rules and then recorded the wrong deadline. The other alternative is not that the calendaring clerk forgot to record the correct deadline, but that he misread a plain rule and thus recorded the wrong deadline. These are quite different errors. These are quite different errors. This case is not, however, about delegation to paralegals. This was a case about a lawyer's abdication of responsibility. "Abdication" and "delegation" are not synonymous. Defendant received a copy of the More Definite Statement (Amended Complaint) by electronic service and by personal service on the date it was filed. (As a side note, Plaintiff notes that he has not waived personal service, but has been accepting electronic service since no personal service has yet been made by Defendant.). Defendant, unlike the party in *Pincay I and II*, did not have to rely on the paralegal. He was not out of the office. Defendant's lawyer did not have to rely on a paralegal to tell him

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default

Page - 12

Case 1:07-cv-00030    Document 31    Filed 05/20/2008    Page 12 of 20

when the response would be due. The lawyer did not question the paralegal's time calculation or the basis for it, he did not inquire about the rule, nor did he ask the paralegal to confirm the deadline with another lawyer in the office if he was too busy to check. Defense counsel either ignored the Rules when and calendared the wrong date or merely checked the calendar and saw that the deadline was recorded. What defense counsel did not do—and what he should have done—was check to see that the correct deadline had been calendared. He never read Rule 12(a)(4)(B) to check his or the the calendaring clerk's judgment. As the *Pincay I* court explained: "Knowledge of the law is a lawyer's stock in trade. Bureaucratization of the law such that the lawyer can turn over to non-lawyers the lawyer's knowledge of the law is not acceptable for our profession."

Although a court understandably might excuse a novice lawyer's lack of instinct or forgive the error of a lawyer who only rarely practices in the federal system, nothing suggests that the U.S. Attorney's Office is a stranger to federal court. Nowhere did defense counsel state that he read the Federal Rules of Civil Procedure, or Rule 12(c)(4)(B) in particular. Nowhere did he state that he knew the rules but simply recalled incorrectly the deadline. Never did he claim that the rules confused him. Never did he assert that his travels prevented him from checking the paralegal's time calculation. While confessing error, Defense counsel has thrown the paralegal under the bus by including that the clerk took over those duties two weeks prior to the deadline being calendared. That should do him no good, of course, because a lawyer cannot escape professional responsibility by claiming that the delegated subject task is the responsibility of his staff. Even accepting the argument that the lawyer improperly calendared or delegated responsibility to a paralegal who ran a carefully designed calendaring system rather than

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default
Page - 13

Case 1:07-cv-00030    Document 31 - 13    Filed 05/20/2008    Page 13 of 20

abdicating responsibility for knowing the law, that conduct is unrelated to the reason for the delay under the Pioneer test. Rather, it bears on the fourth Pioneer factor, that being "whether the movant acted in good faith." Defendant's good faith is inconsequential. "Extreme good faith has no exonerating power of its own; bad faith can sink an excusable neglect claim, and good faith is nothing but the absence of this negative." *Pincay II*, 389 F.3d at 862 (Kozinski, J., dissenting).

Although the *Pincay II* court repeatedly cited and referred to Pioneer to justify a flexible approach to determining excusable neglect and to explain its aversion to per se rules in this area, it is difficult to reconcile the decision in *Pincay II* with the Court's statement in Pioneer that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" In other words, inadvertence, ignorance of the rules and mistakes construing the rules constitute excusable neglect only in exceptional and rare circumstances. See *Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 6 (1st Cir. 2001) (referring to "'unique or extraordinary circumstances'") (citing *Pontarelli v. Stone*, 930 F.2d 104, 111 (1st Cir. 1991)).

The simple miscalculation of time deadlines is not excusable neglect after Pioneer, (See, e.g., *Advanced Estimating System v. Riney.*, 130 F.3d 996, 998 (11th Cir. 1997) ("[A]n attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect."); *Villa v. Vill. of Elmore*, 252 F. Supp. 2d 492, 494 (N.D. Ohio 2003); *Thomas v. Bd. of Educ.*, 177 F.R.D. 488, 490-91 (D. Kan. 1997)), just as it was not before. See *Cange v. Stotler & Co.*, 913 F.2d 1204, 1212 (7th Cir. 1990). There is good reason for this: Calculating time deadlines in the context of the demands of trial practice is routine and ordinary. . . . Indeed, miscalculating the

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default
Page - 14
Case 1:07-cv-00030   Document 31   Filed 05/20/2008   Page 14 of 20

time for filing is among the most ordinary types of neglect. . . . In the absence of unique underlying circumstances that impel a miscalculation, there is no way to verify a lawyer's naked representation that he or she miscalculated time requirements. *Barnes v. Cavazos*, 966 F.2d 1056, 1061-62 (6th Cir. 1992) (Reversal of District Court granting filing extension for excusable neglect). _In examining the reason for delay, some courts routinely consider as part of that inquiry whether the inadvertence "reflected professional incompetence," such as ignorance of procedural rules, and whether the asserted inadvertence "reflects an easily manufactured excuse incapable of verification by the court." *Home Ins. Co. v. Law Offices of Jonathan DeYoung, P.C.*, 156 F. Supp. 2d 488, 490 (E.D. Pa. 2001) (citing In re Cendant Corp. Litig., No. 00-2185, 2001 WL 487903, at *12 (3d Cir. May 9, 2001)). By these measures, defense counsel clearly has not demonstrated excusable neglect. The lawyer has shown no knowledge of Rule 12(c)(4)(B) and his excuse for non-compliance with this clear rule can be easily manufactured.

The Ninth Circuit in *Pincay II* created two practical problems. First, by affirming the district court's finding of excusable neglect, the court essentially created two different excusable neglect standards: one for lawyers who practice in law firms or other organizations with ample support staff, and one for sole practitioners. If an experienced sole practitioner, who has handled previous cases flawlessly and has timely filed everything in every case she has ever handled, misreads Rule 12(c)(4)(b) and records the wrong date for filing in her desk planner, which she scrupulously checks first thing every morning (the same planner in which she has always recorded all of her deadlines), and therefore files the response late, can she successfully claim that her client's time should be extended because of excusable neglect? Has not her client been betrayed by "the failure of a 'carefully designed' calendaring system . . . that heretofore worked

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default
Page - 15
Case 1:07-cv-00030    Document 31    Filed 05/20/2008    Page 15 of 20

flawlessly"? Is not the sole practitioner's calendaring system better than that employed by Defendant in this case, since in the hypothetical case, it is actually the lawyer who reads and interprets the applicable procedural rules?

Second, unless care is taken by a district court, the *Pincay II* court will have created exactly what it wanted to avoid: a per se rule on excusable neglect. What is this Ninth Circuit per se rule? It is this: if a law firm maintains a formal calendaring system that depends solely on non-lawyer staff to calendar the correct dates and one of those staff members calendars the wrong date, such a failure constitutes excusable neglect so long as the firm satisfies the other *Pioneer* factors.

The best systems are valueless if the information that is calendared is inaccurate or incorrect. Counsel for Defendant abdicated his responsibility by not reading the applicable rule and telling the calendaring clerk the date to record, rather than relying on a non-lawyer staff member to read the rule and calculate due dates. Failure to read rules, failure to understand rules and failure to properly apply rules is not excusable neglect. Delegation of rules interpretations to non-lawyer staff is not excusable neglect. Defense counsel was responsible for reading appropriate rules and deciding upon appropriate deadlines, even if the task of calendaring such deadlines and ministerial acts designed to ensure compliance are delegated to non-lawyers. A lawyer cannot delegate away his professional responsibility to non-lawyers who then fail to perform the ostensibly simple tasks delegated to them. This is abdication of responsibility. This factor of the *Pioneer* criteria strongly favors the Plaintiff and against an extension of time for the Defendant.

/

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default
Page - 16

Case 1:07-cv-00030    Document 31    Filed 05/20/2008    Page 16 of 20

## 4. THE MOVING PARTY'S CONDUCT IS NOT IN GOOD FAITH

"Extreme good faith has no exonerating power of its own; bad faith can sink an excusable neglect claim, and good faith is nothing but the absence of this negative." *Pincay II*, 389 F.3d at 862 (Kozinski, J., dissenting). The proposed Answer of the Defendant demonstrates a severe lack of good faith. Defendant, in his proposed answer, denies items previously admitted through their actions and through statements of representatives of Defendant. Defendant denies failing to inform Plaintiff of privacy act requirements, an item previously admitted in writing by the Defendant. Defendant denies that Plaintiff and his wife meet with Family Advocacy Program counselor at the request of the counselor, a statement the Defendant previously admitted in writing. Defendant has denied numerous items of the Amended Complaint because he has failed to look at the look at the regulations and laws which form the basis of the Amended Complaint and has not attempted to begin to make an attempt at providing an informed answer. The failure to admit items previously admitted by the Defendant, and the failure to review laws and Navy regulations governing this action, which mandate admittance and not denial by the Defendant, shows extreme bad faith. The proposed Answer, after delaying it for months, appears to be something thrown together after Plaintiff filed for Default Judgment. Defendant's bad faith is evident in submitting a proposed Answer with denials that contradict their previous admissions and with no effort to provide accurate information. Defendants act to extend the litigation in bad faith in order to wear Plaintiff down by making him seek extended discovery rather than admit their actions and properly research their response.

/

/

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default
Page - 17
Case 1:07-cv-00030    Document 31    Filed 05/20/2008    Page 17 of 20

## AFFIRMATIVE DEFENSES NOT TO BE CONSIDERED

Defendant has listed 16 Affirmative Defenses. It appears that Defendant has thrown everything except the kitchen sink against the wall to see if something will stick. The Defendant has not listed a single meritorious defense which is prerequisite to vacating an entry of default. See *Hawaii Carpenters' Trust Funds v. Clarence Stone Dba Maui Plastering Co.*, 794 F.2d 508, 513 (9th Cir. 1986). Defendant has only listed conclusory statements that a dispute exists and that is insufficient to be considered a meritorious defense. *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969). However, if a default judgment is entered as the result of a defendant's culpable conduct, the Ninth Circuit has stated that a Court need not consider whether a meritorious defense was shown, or whether a party would suffer prejudice if the judgment were set aside. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985); *Benny v. Pipes*, 799 F.2d 489, 494 (9th Cir. 1986). A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to timely answer. *Pena*, 770 F.2d at 815; *Benny*, 799 F.2d at 494. When a party has failed to show excusable neglect, they are precluded from relying on a possible meritorious defense as a basis for setting aside a default judgment. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922 (2004), citing *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) (quoting *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987)).

## CONCLUSION

Defendant seeks to set a dangerous precedent in the District Court of Guam. Defendant seeks to have his abdication of his professional responsibility, either his own neglect or his

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default
Page - 18

Case 1:07-cv-00030    Document 31    Filed 05/20/2008    Page 18 of 20

failure to supervise staff become excusable neglect. The office procedure for calendaring was and is clearly within the control of Defendant's counsel. Furthermore, excusing such an omission would open the door to other tardy filers presenting similar reasons for delay, which would adversely impact many other proceedings. The Court should find that the Defendant's neglect was inexcusable. Defendant was negligent in the late filing. Defendant was negligent in his supervision of the clerk. Defendant was negligent in not reviewing the applicable Federal Rules of Civil Procedure and determining the appropriate date. Defendant was negligent if he delegated of his professional responsibilities to a non-attorney. Defendant was negligent in checking the date after it was calendared. This is not a calendaring system that has worked flawlessly. The wrong date was meticulously calendared. Defense counsel delegated professional responsibilities, either by himself or by delegation to a non-lawyer and then further abdicated his professional responsibilities by not questioning, checking, or reviewing the non-attorney's work. These errors of neglect are not excusable. To allow such would be to allow any large firm with a calendaring clerk to abdicate their professional responsibility and open the Court to more late filings. There is no excusable neglect for the actions of defense counsel.

Under the factors set forth in *Pioneer* as determined by the Ninth Circuit in *Pincay II*, Defendant is not entitled to a finding of excusable neglect. Plaintiff will be prejudiced by allowing such un-excusable negligence by the Defendant. The court system favors quick resolution of matters. The actions causing the improper calendaring were entirely within the scope of the Defendant. This is the "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect" that the Supreme Court spoke of in *Pioneer*, 507 U.S. at 392. Finally, Defendant, in his proposed answer, demonstrates his bad faith
David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default
Page - 19 -

Case 1:07-cv-00030    Document 31    Filed 05/20/2008    Page 19 of 20

in denying items previously admitted, and in, apparently, throwing together an answer without a proper investigation of the Amended Complaint.

Plaintiff respectfully request that, due to the defense counsel's negligence, abdication of responsibility, and bad faith, the Court finds that the late filing is not due to excusable neglect and does not allow an extension of time in which to file an answer.

Respectfully submitted this 20th day of May, 2008.

**LITTLEPAGE & ASSOCIATES, P.C.**

By: *[signature]*
Lewis W. Littlepage, Esq.
Attorney for Plaintiff

David G. Matthews vs. United States of America
Civil Case No. 07-00030
Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default
Page - 20 -
Case 1:07-cv-00030    Document 31    Filed 05/20/2008    Page 20 of 20