LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
JESSICA F. CRUZ
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, GU 96910
Tel: (671) 472-7332
Fax: (671) 472-7215/7334

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

DAVID G. MATTHEWS,

        Plaintiff,

        vs.

UNITED STATES OF AMERICA,

        Defendant

) Case No.: 07-00030
)
) **UNITED STATES OF AMERICA'S**
) **OPPOSITION TO PLAINTIFF'S**
) **REQUEST FOR RECONSIDERATION**
) **OF THE COURT'S ORDER GRANTING**
) **ENLARGEMENT OF TIME AND**
) **DENYING DEFAULT JUDGMENT**
) **APPLICATION**
)

       COMES NOW, the Defendant, UNITED STATES OF AMERICA, by and through its

undersigned counsel, and hereby files its response in opposition to Plaintiff's Request for

Reconsideration of the Court's Decision Allowing Defendant's Untimely Filing and Denying

Plaintiff Request for a Default Judgment and in support thereof states:

## **LEGAL STANDARD FOR MOTIONS FOR RECONSIDERATION**

       Local Civil Rule 7.1(i) provides that a motion of reconsideration may be made only on

the following grounds

       (1) a material difference in fact or law from that presented to the court before
       such decision that in the exercise of reasonable diligence could not have been

FILED
DISTRICT COURT OF GUAM
MAY 30 2008
JEANNE G. QUINATA
Clerk of Court

ORIGINAL

known to the party moving for reconsideration at the time of such decision, or, (2) the emergence of new material facts or a change of law occurring after the time of such decision, or, (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

LR 7.1(i); *see also Agravante v. Japan Airlines Int'l Co., Ltd.*, 2007 U.S. Dist. LEXIS 54716, *2-*3 (D. Gu. 2007). Motions to reconsider are appropriate only in rare circumstances. *Agravante*, 2007 U.S. Dist. LEXIS at *3. This court has held that

[a] motion to reconsider would be appropriate where, for example, the court has patently misunderstood the party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Id*. at *3-*4 (internal citation omitted).

Here, Plaintiff is not raising any new facts or alleging a change in the law. Clearly, the only possible justification for reconsideration is an alleged manifest showing of the Court's failure to consider material facts before granting the United States' Motion for Enlargement of Time. Plaintiff has utterly failed to meet this standard because he has not shown that the Court failed to consider material facts or that the Court erroneously exercised its discretion in granting an extension.

## A.   THE COURT PROPERLY EXERCISED ITS BROAD DISCRETION IN GRANTING AN ENLARGEMENT OF TIME.

Rule 6(b)(2) of the Federal Rule of Civil Procedure "provides that the court may enlarge the specified time period for an act upon motion after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." *United States v. Pourmohamad*, 2007 U.S. Dist. LEXIS 32438, *3 (N.D. Cal. 2007). "Since it is a rule of general application, courts are given *broad discretion* in granting or denying extensions." *Id*. (emphasis added). The Ninth Circuit has adopted the standard that the movant may meet the burden of showing

2

excusable neglect by a showing of good faith coupled with a showing that there was a reasonable basis for not complying within the time specified. *Id.* at *3-*4. "The determination of excusable neglect is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at *4. "Generally, the court will consider several factors, including the danger of prejudice to the other party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[1] *Id.* at *4-*5.

Neither the statutes nor caselaw require a district court to include an explanation in its orders. At the time of the Court's issuance of its order, the United States' motion and Plaintiff's opposition were both on record and available for the Court's review. The Court considered the parties' arguments[2] and determined that the United States' reason for the three-day delay in filing its Answer warranted the short extension. The Court exercised its broad discretion in granting the extension. Plaintiff has not and cannot manifestly show that the Court failed to consider material facts in granting the extension.

## B. THE COURT PROPERLY EXERCISED ITS BROAD DISCRETION IN DENYING PLAINTIFF'S PETITION FOR DEFAULT JUDGMENT.

Plaintiff's request for default judgment is rendered moot by the Court's Order granting the United States an extension to file its Answer. Assuming arguendo that the Court reverses its

---

[1] Plaintiff relies upon *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993). This case is the leading case on enlargements of time based upon excusable neglect. This case sets out the facts that a court should consider when determining whether excusable neglect exists. In *Pioneer Investment Services Co.*, the Supreme Court analyzed Bankruptcy Rule 9006(b)(1), which was patterned after Fed. R. Civ. P. 6(b). The Supreme Court noted that "in applying Rule (6)(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays." *Id.* at 391-92. More importantly, the Supreme Court held that "excusable neglect" is an "elastic concept" and supported the Court of Appeals' finding that the respondent's failure to timely file was excusable neglect.
[2] Plaintiff relies upon *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004). In *Pincay*, an attorney missed the deadline to file a notice of appeal because his paralegal calendared the wrong due date. The district court granted the attorney an extension. The Ninth Circuit held that the weighing of the *Pioneer* "excusable neglect" factors is left to the discretion of the district court in every case. *Id.* at 860. The Ninth Circuit upheld the district court's decision to grant an extension.

1 Order, Plaintiff cannot meet the requirements for default judgment and his request must be
2 denied.

3 　　　Rule 55 of the Federal Rules of Civil Procedure addresses the United States' filing of a
4 late Answer. "Rule 55 provides relief to a plaintiff where defendant fails 'to plead or otherwise
5 defend as provided by these rules.'" *Beam v. United States*, 1990 U.S. Dist. LEXIS 16139, *23
6 (D. Or. 1990). Rule 55(c), however, provides that court has discretion to set aside an entry of
7 default for good cause. Further, "Rule 55(e) . . . states that 'no judgment by default shall be
8 entered against the United States or an officer or agency thereof unless the claimant establishes a
9 claim or right to relief by evidence satisfactory to the court.'" *Id*. at *24 (quoting Rule 55(e)).
10 "Where the plaintiff has not presented a prima facie case, Rule 55(e) precludes default judgment
11 against the government if the government fails to answer or otherwise move against the
12 complaint." *Id*. (citing *Giampoli v. Califano*, 628 F.2d 1190, 1194 (9th Cir. 1980)).

13 　　　Rule 55(e) protection is to be extended <u>only</u> in those cases in which the <u>government has</u>
14 <u>altogether failed to respond</u>. *See Giampaoli*, 628 F.2d at 1193. "Rule 55(e) recognizes that the
15 government is 'sometimes slow to respond to a complaint and that the public fisc should be
16 protected against payment of unfounded claims solely because of a failure to respond timely.'"
17 *Beam*, 1990 U.S. Dist. LEXIS at *23 (citing *Giampaoli*, 628 F.2d at 1194).

18 　　　The test under Rule 55(c) for setting aside a default is more lenient than the test under
19 other rules, such as those for setting aside a default judgment. *SEC v. Vagel*, 49 F.R.D. 297, 299
20 n.2 (S.D.N.Y. 1969). A motion under Rule 55, to prevent or set aside a possible default, is
21 addressed to the sound discretion of the Court. *Provident Sec. Life Ins. Co. v. Gorsuch*, 323 F.2d
22 839 (9th Cir. 1963), *cert. denied*, 376 U.S. 950 (1964). The District Court's decision to grant
23 relief from default is a matter of broad discretion and is only reviewed under the "clearly wrong"

24

standard. *Mendoza v. Wright Vineyard Mgmt.*, 783 F.2d 941, 945 (9th cir. 1985). Further, a default can be taken against the United States <u>only</u> if claimant establishes a right to relief by evidence. Rule 55(d).

Here, the Court has not entered a default against the United States. In lieu of entry of default, the Court granted the United States a short extension to file its Answer. Assuming arguendo that the Court reverses its Order and enters the United States' default, (1) the Court may exercise its broad discretion to set aside the default for good cause and (2) Plaintiff is ultimately not entitled to a default judgment. Plaintiff can only obtain a default judgment against the United States if it altogether failed to answer the Complaint. Here, the United States has filed its Answer. Further, although it is too early to make final conclusions on Plaintiff's right to relief, it is apparent that Plaintiff's complaint is against the Family Advocacy Program (FAP), which exists to assist victims, in cooperation with Child Protective Services and others, of family abuse that occurs in Navy housing. Where an allegation by a child is found to be substantiated, the outcome is generally the recommendation for family counseling services. The counseling can be rejected, as it appears Plaintiff may have done. Further, Plaintiff's characterization of a "military tribunal" and dire consequences from the FAP will certainly require substantial proof.

## **CONCLUSION**

None of this is to distract from the substantial responsibility of this AUSA to avoid three days of delay in the filing of an answer. However, Plaintiff's determination to use the rule requirements harshly is ill advised and in contravention of the spirit of Rules 6(b) and 55. Plaintiff's request for reconsideration ultimately seeks an award of $1,951,894 without consideration of the merits of his claims or presentation of evidence to the Court. This flies in the face of the purpose of the Rule 55(d), which is to protect the public fisc from having to pay

for unfounded claims based upon the United States' late filing. Plaintiff's determination to use the rule requirement harshly is unsupported by the rule or case law. As such, the Court determined that the United States' motion for enlargement of time warranted a short three-day extension. This extension rendered the application for default judgment moot. Accordingly, the Court denied Plaintiff's application. Plaintiff's assertions in his motion for reconsideration do not satisfy Local Rule 7.1(i) and thus, Plaintiff is not entitled to reconsideration.

WHEREFORE, the United States respectfully requests this Court to issue an Order denying Plaintiff's request for reconsideration.

Dated this 30th day of May, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

BY: 

MIKEL M. SCHWAB
Assistant U.S. Attorney
JESSICA F. CRUZ
Assistant U.S. Attorney