**LITTLEPAGE & ASSOCIATES, P.C.**
**LEWIS W. LITTLEPAGE, ESQ.**
396 W. O'Brien Drive
Hagåtña, Guam 96910
Telephone: (671) 475-1111
Facsimile: (671) 475-1112
E-Mail: guamlawyer@yahoo.com



FILED
DISTRICT COURT OF GUAM

JUN 0 9 2008 R.D.

JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| DAVID G. MATTHEWS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant | Case No.: 07-00030<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING ENLARGEMENT OF TIME AND DENYING DEFAULT JUDGMENT APPLICATION** |

COMES NOW plaintiff David G. Matthews, by and through attorney Lewis W. Littlepage, and does reply to defendant's Opposition to Plaintiff's Request for Reconsideration of the Court's Order Granting Enlargement of Time and Denying Default Judgment Application.

Defendant properly cited *Agravante v. Japan Airlines Int'l Co., Ltd*, 2007 U.S. District Lexix 54716, *3-*4 (D. Gu. 2007) which states:

David G. Matthews vs. The United States of America
Civil Case No. 07-00030 Reply to Defendant's Opposition for Reconsideration
Case 1:07-cv-00030 Document 35 Filed 06/09/2008 Page 1 of 2

[a] motion to reconsider would be appropriate where, for example the court has patently misunderstood the party, or made a decision outside the adversarial issues presented by the parties.

The Court's Order allowing the enlargement of time and denying the default judgment clearly indicated that the Court made a decision outside the adversarial issues presented by the parties. Defendant's Motion for Enlargement of Time is cited by the Court as having been reviewed, but not Plaintiff's Opposition. Defendant is without legal grounds or facts when it argues that the Court reviewed Plaintiff's Opposition. Defendant's arguments that the Court does not need to justify its reasons for extension of time or make findings of excusable neglect is contrary to Supreme Court guidance (See *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct 1489, 123 L.Ed.2d 74 (1993)) and contrary to Ninth Circuit precedent. (See *Pincay v. Andrews*, 351 F.3d 947, 949 (9th Cir. 2003); *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004) (en banc)].

Plaintiff respectfully requests that the Court reconsider it Order Enlarging Time to Answer as the Supreme Court has clearly stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392.

Respectfully submitted this 9th day of June, 2008.

LITTLEPAGE & ASSOCIATES, P.C.

By: _____
Lewis W. Littlepage, Esq.
Attorney for Plaintiff

David G. Matthews vs. The United States of America
Civil Case No. 07-00030 Reply to Defendant's Opposition for Reconsideration
Case 1:07-cv-00030    Document 35    Filed 06/09/2008    Page 2 of 2