DISTRICT COURT OF GUAM

TERRITORY OF GUAM

DAVID G. MATTHEWS,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

Civil Case No. 07-00030

**ORDER RE REQUEST FOR RECONSIDERATION**

This case is before the court on the Plaintiff's Request for Reconsideration of the Court's Decision Allowing Defendant's Untimely Filing and Denying Plaintiff's Request for a Default Judgment. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] After reviewing the parties' submissions, as well as relevant caselaw and authority, the court hereby **DENIES** the motion and issues the following decision.

**BACKGROUND**

This action was filed on November 9, 2007. Proceeding *pro se*, the Plaintiff alleged intentional infliction of emotional distress and invasion of privacy under the Federal Tort Claims Act. Thereafter, the United States filed a Motion for a More Definite Statement. *See* Docket No.

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

| | |
|---|---|
| 1 | 9. That motion was granted by the court on March 20, 2008.  *See* Docket No. 23.  Therein the |
| 2 | Plaintiff was given thirty days to file an amended complaint.  *Id.* After retaining counsel, on |
| 3 | April 18, 2008, the Plaintiff filed his amended complaint. |

Pursuant to Rule 12(a)(4)(B) of the Civil Rules of Procedure, the United States had ten (10) days after service of the amended pleading in which to file its Answer, which was May 2, 2008. No answer was filed on May 2, 2008. On May 5, 2008, the Plaintiff filed a Motion for Default Judgment. *See* Docket No. 27. On that same day, the United States filed its answer. *See* Docket No. 29. On May 6, 2008, the United States moved this court for a three day extension of time to file its answer. *See* Docket No. 30. The Plaintiff filed an opposition to the United State's request. *See* Docket No. 31. After reviewing both filings the court granted the United States' request for the three day extension of time and denied the Plaintiff's request for default judgment. *See* Docket No. 32. Presently before this court is the Plaintiff's Request for Reconsideration of this court's order granting the three day extension of time.

**DISCUSSION**

Pursuant to Local Civil Rule 7.1(i), a party may seek the reconsideration of a prior order. Specifically, Rule 7.1(i) provides:

> **Motion for Reconsideration**.  A motion for reconsideration of the decision on any motion may be made only on the grounds of
>
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
>
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
>
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
>
> <u>No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.</u>

Local Civ. R. 7.1(i) (emphasis added).

The Plaintiff's request does not state or otherwise suggest that there is a basis for

- 2 -

reconsideration under any of the foregoing grounds recognized under the Local Rule 7.1. The Plaintiff has failed to demonstrate a material difference in fact or law, the emergence of new facts or a change in law, or provide a manifest showing of a failure to consider material facts presented to the court.

Motions to reconsider are appropriate only in rare circumstances:

> The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Urtuzuastegui v. U.S.* 2001 WL 175940, *1 (D.Ariz.,2001) (citations omitted). A motion for reconsideration should not be used to ask the court "to rethink what the court had already thought through -- rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983).

Contrary to the Plaintiff's suggestion, this court did not summarily make a ruling without due accord given the matter. As noted the Plaintiff's motion to reconsider neither discloses any new facts that the court was unaware of, nor does it reveal any manifest error of law in the court's ruling. *In re Agric. Research & Tech. Group,* 916 F.2d 528, 542 (9th Cir. 1990) ("Motions for reconsideration may properly be denied where the motion fails to state new law or facts"). Accordingly, this court does not find that the Plaintiff has made any kind of showing justifying this court to grant the relief he seek.

Additionally, this court does not find that the Plaintiff was prejudiced by permitting the United States a three day extension of time to file its answer. The late filing was due to an unintentional clerical error on the part of the United States' attorney. There is no evidence suggesting that counsel refused to timely respond to the complaint in order to unfairly prejudice the Plaintiff, interfere with judicial decision making, or otherwise manipulate the legal process. Moreover, the court finds the request to impose a default judgment in the amount of $1,951,894

- 3 -

an extreme remedy for filing an answer three days late. "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

## CONCLUSION

Upon consideration of the foregoing, the court finds that the Plaintiff is requesting the court to rethink what it has already thought through. There is no basis for this court's reconsideration of the matter. Accordingly, the Plaintiffs' Motion for Reconsideration is **DENIED**.

**SO ORDERED.**

**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Jul 11, 2008**