David G. Matthews
PO Box 25177
GMF, Guam 96921
671-789-0818



FILED
DISTRICT COURT OF GUAM
SEP 0 8 2008
JEANNE G. QUINATA
Clerk of Court

# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

David G. Matthews,      CV-07-00030

    Plaintiff,

vs.

United States

    Defendant.

PLAINTIFF'S OPPOSTION TO THE APPOINTMENT OF A GUARDIAN AD LITEM

1. Comes now the plaintiff, pro se, and does provide this opposition to the defendant's motion to appoint a guardian ad litem for his minor child. Per court order, the plaintiff's opposition is due by September 8, 2008 (Plaintiff's Exhibit A). Opposition is based on this motion and any argument and testimony at any hearing on this matter. On September 5, 2008, the plaintiff relieved Mr. Lewis Littlepage as his attorney in this litigation and will once again proceed as a pro se litigant. Mr. Littlepage did, however, provide considerable research and verbiage in this motion.

2. Rule 17(c), Federal Rules of Civil Procedure, addresses the rights of children and incompetent persons in three ways. First, it permits legal guardians to sue or defend on behalf of minors or incompetent individuals. Second, it allows persons who do not have such a representative to name a "next friend," or guardian ad litem, to sue for them.



Third, it states federal courts "must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." None of the aforementioned factors apply in this case.

3. Defendant's actions are but a thinly veiled attempt to circumvent parent-child confidentiality and use the plaintiff's minor child to testify against him. In In re Grand Jury Proceedings (Agosto), 553 F. Supp. 1298, 1325 (D. Nev. 1983), the U.S. District Court for the District of Nevada concluded that the fundamental right to privacy stands as the basis for a testimonial disqualification for family members as well as a parent-child communication privilege. The court stated: There can be little doubt that the confidence and privacy inherent in the parent-child relationship must be protected and sedulously fostered by the courts. While the government has an important goal in presenting all relevant evidence before the court in each proceeding, this goal does not outweigh an individual's right of privacy in his communications within the family unit, nor does it outweigh the family's interests in its integrity and inviolability, which spring from the rights of privacy inherent in the family relationship itself. There is no reasonable basis for extending a testimonial privilege for confidential communications to spouses, who enjoy a dissoluble legal contract, while yet denying a parent or child the right to claim such privilege to protect communications made within an indissoluble family unit, bonded by blood, affection, loyalty and tradition. And further, if the rationale behind the privilege of a witness-spouse to refuse to testify adversely against his or her spouse in a criminal proceeding serves to prevent the invasion of the harmony and privacy of the marriage relationship itself, then affording the same protection to the parent-child relationship is even more compelling. See also In Re Grand Jury Proceedings

(Greenberg), 11 Fed. R. Evid. Serv. 579 (D. Conn. 1982) (finding that the First Amendment formed the basis for a parent-child privilege of a Jewish family). State courts in New York have also found that the privacy protections guaranteed by the Ninth and Fourteenth Amendments and the inherent right of privacy support the finding of a parent-child privilege in certain instances. See In re Application of A & M, 61 A.D. 2d 426, 403 N.Y.S.2d 375 (N.Y. App. Div. 1978). Although the A & M court was of the opinion that "the creation of a [parent-child] privilege devolves exclusively on the Legislature," it ultimately concluded that a narrow, fact-bound privilege flowing directly from the federal Constitution precluded parents from being compelled to testify before the grand jury about their sixteen-year-old son. 403 N.Y.S.2d at 381. The court reasoned: It would be difficult to think of a situation which more strikingly embodies the intimate and confidential relationship which exists among family members than that in which a troubled young person, perhaps beset with remorse and guilt, turns for counsel and guidance to his mother or father. There is nothing more natural, more consistent with our concept of the parental role, than that a child may rely on his parent for help and advice. Shall it be said to those parents, "Listen to your son at the risk of being compelled to testify about his confidence?" It is urged that the court was in error in finding that the Constitution confers a right of family privacy. That position fails to consider a host of cases which have given constitutional dimension to matters concerning the relational interests of parents and children and which acknowledge "a private realm of family life which the state cannot enter."

4. A court does not abuse its discretion in denying appointment of a guardian ad litem. In Ludwig v. Burchill, 514 N.W.2d 674, 677-78 (N.D. 1994), the trial court did not abuse

3

its discretion when it denied the motion for the appointment of a guardian ad litem because it was "satisfied that it [could] consider the best interests of the child involved without the appointment of a guardian ad litem."

5. As stated earlier, Rule 17, Federal Rules of Civil Procedure, regarding appointment of a guardian ad litem does not apply to this case. The minor is not suing or defending in this case. The minor is not an incompetent. The defendant alleges that a guardian ad litem is needed to protect a minor child who is unrepresented in an action. Again, this is not so. This is not a case about the minor. This is a case about the failure of the defendant to follow federal law and its stated and published rules, regulations and policies; and such failure resulting in the injury to the plaintiff.

6. In the defendant's motion to appoint a guardian ad litem, it stated, "It is necessary for the United States to have access to the child's medical and school records in order to adequately address the allegations that the Child has "personality problems" and access the Plaintiff's claims in the Amended Complaint. The plaintiff understands the defendant has already accessed his daughter's medical and school records. He believes his daughter's medical records were accessed during the military tribunal without his or his wife's permission, a HIPAA violation; his daughter's medical and personal information was subpoenaed by the defendant in regards to this lawsuit; and in his response to the defendant's second request for production of documents, received by the defendant on July 7, 2008, the plaintiff recommended that "To ensure the defendant has a complete record of the medical reports, the defendant should contact administrators at DYA, Guam Child Protective Services or the Guam attorney general's office." Furthermore, the

4

plaintiff understands that during the tribunal, school records were accessed and examined by the defendant.

7. In the defendant's motion to appoint a guardian ad litem, it stated, "Guam Child Protective Services' records show that the Child was placed in foster care based upon subsequent allegations of juvenile delinquency and child abuse, unrelated to the allegation of child abuse at issue in this case." First, the plaintiff is unaware that his daughter was ever placed in foster care. Second, neither the plaintiff nor his wife were ever charged or convicted of any form of child abuse. Lastly, since her most recent charge of being beyond control in December 2007 and her subsequent incarceration at the Department of Youth Affairs, Desiree Matthews was released to her parents in February 2008. If the defendant, represented by the United States Attorney, believes that Desiree is now in harm's way, the plaintiff challenges the defendant to report its allegations to the Guam attorney general's office or Guam police department. In the absence of such allegations or referrals, the defendant should not make false and misleading allegations to this court.

8. The defendant, knowing its weakness in this case, is attempting to divert the court's attention from the real issues in this lawsuit. What is relevant in this case is that the defendant violated federal law and agency rules and regulations. The defendant has already provided proof via initial discovery. Upon completion of the plaintiff's entire discovery, the plaintiff expects to move for summary judgment

9. Conclusion. Plaintiff's minor daughter is not a party to this action and is not in harm's way. In fact, she is in a loving environment that tries to address her physical, mental and

spiritual needs. Plaintiff respectfully requests that the court deny the defendant's request for a guardian ad litem.

Submitted this 8th day of September, 2008.

*[signature]*, Pro Se
David G. Matthews
PO Box 25177,
GMF, Guam 96921
davedeb19@hotmail.com
671-789-0818

## Civil/Criminal CM/ECF System

## District Court of Guam

**Notice of Electronic Filing**

The following transaction was entered on 8/26/2008 at 3:46 PM CST and filed on 8/25/2008

**Case Name:** Matthews v. United States
**Case Number:** 1:07-cv-30
**Filer:** United States
**Document Number:** 39

**Docket Text:**
Motion to Appoint Guardian Ad Litem filed by United States. Responses due by 9/8/2008. Replies due by 9/15/2008. (fad, )

**1:07-cv-30 Notice has been electronically mailed to:**

Jessica F. Cruz     jessica.f.cruz@usdoj.gov, julia.hunt@usdoj.gov, marie.chenery@usdoj.gov, michelle.perez@usdoj.gov, mikel.schwab@usdoj.gov, usagu.docket@usdoj.gov

Lewis W. Littlepage     guamlawyer@yahoo.com, lewis@littlepagelawfirm.com

Mikel W. Schwab     mikel.schwab@usdoj.gov, Jessica.f.cruz@usdoj.gov, julia.hunt@usdoj.gov, marie.chenery@usdoj.gov, michelle.perez@usdoj.gov, usagu.docket@usdoj.gov

**1:07-cv-30 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Q:\Input\CV Docs\CV-07-00030-Rapadas-DefUSA-MotAppntmntGrdianAdL.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1088563379 [Date=8/26/2008] [FileNumber=93010-0]
[179dbda3695b5b74d1be49dd186794db727207d1f1723a917469e90ca98d97732c323
356c7bd1ae2b5e3a9ef0f6b7caec28ddabbeec659f8a77b76c1be4449e0]]

*Plaintiff's Exhibit A*