David G. Matthews
PO Box 25177
GMF, Guam 96921
671-789-0818



FILED
DISTRICT COURT OF GUAM

SEP 0 8 2008

JEANNE G. QUINATA
Clerk of Court

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

David G. Matthews,                                CV-07-00030

        Plaintiff,

vs.

United States

        Defendant.

**PLAINTIFF'S MOTION FOR COURT TO SANCTION DEFENDANT**

**COMES NOW** plaintiff and does hereby move for the court to sanction the defendant.

1. Pursuant to Rule 11(b), Federal Rules of Civil Procedure, on February 20, 2008, the plaintiff, then a pro se litigant, served a Motion to Sanction the Defendant. At plaintiff's exhibit A is the motion and the certificate of service. Pursuant to Rule 11(c)(2), the defendant had 21 days after service to cure its motions or to provide specific information to the plaintiff, which would validate prior statements it had made to the court and the plaintiff. The defendant did not cure its motions or provide any feedback to the plaintiff.

2. In its Motion for More Definite Statement, the defendant testified to the court that it had insufficient information to address certain aspects of the plaintiff's complaint, i.e.,

"military tribunal;" "mandatory, involuntary FAP CRC;" and the "registry." At plaintiff's exhibit A is evidence that prior to submitting its Motion for More Definite Statement to the court, the defendant was well aware of the aforementioned terms. Furthermore, in plaintiff's exhibit A, he provided documentary evidence to refute the defendant's lies that he invited himself to the June 14, 2005 meeting, which Mr. Pereda scheduled for both the plaintiff and Debora Matthews.

3. Prior to initiating a lawsuit under the Federal Tort Claims Act, the plaintiff was required to submit an administrative claim to the agency. The plaintiff submitted his claim and it was disapproved by the lead agency, the Department of the Navy. In his claim, the plaintiff made reference to the military tribunal, mandatory, involuntary FAP CRC and the federal registry. The Navy JAG Instruction 5891.1A, Administrative Processing and Consideration of Claims on Behalf Of and Against the United States, requires all claims to be thoroughly investigated. In accordance with paragraph 7.b., Failure to Submit Necessary Documentation, "If a claimant fails to provide sufficient supporting documentation with the claim, the claimant should be notified of the deficiency. If after notice of the deficiency, which should reference 28 C.F.R. 14.4, the information is still not supplied, two follow-up requests should be sent by certified mail to the claimant with return receipt requested." In the plaintiff's claim, he was not requested by the Department of the Navy claims office to provide additional information, so it can be inferred that the Navy completely understood the entire contents of the claim, to include the terminology the defendant later claimed ignorance to.

4. Upon receipt of the original complaint on November 13, 2007, the defendant had 60 days to answer the complaint. In an email to the plaintiff from Ms. Marie Chenery,

2

paralegal, United States Attorney's office, dated December 18, 2007, she stated, "I'll be on leave December 19-January 7. Mr. Schwab will be on leave December 24-January 7." On December 26, 2007, Ms. Jackie Emmanuel, an administrative assistant in the United States Attorney's office, sent the Motion for More Definite Statement to the plaintiff via email. It was convenient for the defendant to submit the Motion for More Definite Statement at that time. The plaintiff believes they made little effort to answer the complaint during their allotted time; they misrepresented information to the plaintiff and the court in order to buy time and go on vacation; and the defendant believed this pro se litigant would be confused or acquiesce when confronted with the motion from the United States Attorney's office.

5. Conclusion. The defendant, represented by the United States Attorney, has acted in bad faith, is unrepentant and merits a strong sanction from the court. Furthermore, its lies and misrepresentations should way heavily against the defendant in its standing before the court.

/s/ _____, Pro Se
David G. Matthews
PO Box 25177,
davedeb19@hotmail.com
GMF, Guam 96921
671-789-0818

David G. Matthews
PO Box 25177
GMF, Guam 96921
671-789-0818

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

David G. Matthews,                                 CV-07-00030

        Plaintiff,

vs.

United States

        Defendant.

### MOTION TO SANCTION DEFENDANT

1. Due to patently fallacious statements presented to the court in the defendant's motion for more definite statement and motion to dismiss or, in the alternative, motion to strike; which are refutable by merely examining evidence in the defendant's possession, the plaintiff moves to sanction the defendant.

2. Pursuant to Rule 11(b) Federal Rules of Civil Procedure, Representations to the Court, by presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

*Plaintiff's Exhibit A*

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

3. In its motion for more definite statement, the defendant presented a general statement that "the allegations are vague and ambiguous such that the United States cannot reasonably be required to frame a responsive pleading." From June 2005 until the plaintiff retired in June 2006, Mr. Paul Fisher, COMNAVMAR attorney, had frequent personal interactions with the plaintiff concerning the merits of his complaint. Mr. Fisher also wrote a paper objecting to the FAP CRC for civilian employees. To allege Mr. Fisher, an employee of the defendant, did not completely understand the complaint is false. During discovery, the plaintiff plans to depose Mr. Fisher concerning his involvement and understanding of the issues. LCDR Kurt Grunawalt, COMNAVMAR attorney, had frequent interactions with the plaintiff concerning the plaintiff's allegations. To allege LCDR Grunawalt, a naval officer of the defendant, did not completely understand the complaint is false.

4. In the motion for more definite statement, the defendant stated, "At page 6 Plaintiff, a civilian employee of the military, alleges being placed before a "military tribunal". **The United States is unaware** (emphasis added) of the described tribunal and would need more details to identify the proceeding Plaintiff is referencing." On or about January 3, 2006, the plaintiff received a series of documents from COMNAVMAR via the Freedom of Information Act (FOIA). In a document, LCDR Grunawalt discusses the term "military tribunal" with the plaintiff. To state the defendant, composed of COMNAVMAR, did not understand the term "military tribunal," as presented by the plaintiff, is a lie.

5. In the motion for more definite statement, the defendant stated, "Plaintiff claims, at page 8, to have been subjected to "mandatory, involuntary FAP CRC". The United States would need details about the allegation." On or about January 3, 2006, the plaintiff received a series of documents from COMNAVMAR via the Freedom of Information Act (FOIA). In a document by COMNAVMAR entitled, "E-mails between Dave Matthews/David W. Lloyd (Director), Family Advocacy Program, Office of the Deputy Under Secretary of Defense/LCDR Kurt Grunawalt/Marcy Baza;" there are numerous references to "involuntarily referred to a CRC tribunal," "mandatory FFSC CRC tribunal," "involuntary placement in FAP," "mandatory, involuntary referral to a FAP CRC," "placed involuntarily in a FAP CRC" and "mandatory, involuntary FAP CRC." Marcy Baza, Monica Tinkham, LCDR Grunawalt, CAPT (Sel) Enriquez, RDML Leidig and CAPT Freeman, all COMNAMAR personnel, were included on either the From:, To: or Cc: lines on the E-mail. To state the United States needs more details is false.

3
Case 1:07-cv-00030   Document 45   Filed 09/08/2008   Page 6 of 11

6. In the motion for more definite statement, the defendant stated, "At page 9, Plaintiff references being placed on a "federal registry as child abusers" but does not include a copy of the registry or enough information to allow the United States to locate the particular registry. It is not clear if the "registry" alleged is a military housing list or a criminal listing in the United States." On or about January 3, 2006, the plaintiff received a series of documents from COMNAVMAR via the Freedom of Information Act (FOIA). One document, an email between Grunawalt and LT Weinthal, CNI, referenced, "the registry." It is a lie to state the defendant cannot locate the particular registry referenced in the complaint.

7. Although the following information will be included in the plaintiff's opposition to dismiss, it is also relevant in this motion to sanction, because it exemplifies the fact that the defendant continues to misrepresent evidence to the court. In the defendant's motion to dismiss, second paragraph on page 3, the defendant alleges, "Although Debora Matthews was the target of the interview, Plaintiff insisted on attending the meeting to provide moral support to his wife. Pereda allowed him to do so." In paragraph 3 on page 5, the defendant stated, "It defies common sense for Plaintiff to interject himself into a child abuse interview in which he was not invited…" This is a lie and is refuted by the defendant's own documents. At Plaintiff's Exhibit A are case management notes prepared by Mr. Pereda, whom the plaintiff also plans to depose during discovery. In his notes, dated 16 June 2005, Pereda wrote, "**Call made to Mr. Matthews for the purpose of scheduling a FAP assessment interview with him** (emphasis added) and wife regarding reported incident of child abuse" The defendant should also note the redacted

portion on the exhibit, "due to the lack of Privacy Act notification." Below is an excerpt of a document provided to the plaintiff by LCDR Grunawalt:

"In my view, the joint interview of you and your wife, conducted by Mr. Pereda, was conducted in violation of 5 U.S.C. 552a(e)(3) and the interview of 17 June should be redacted from your files. I have spoken to Ms. Baza and FAP's record of this interview will be stricken from your FAP records."

8.a. The plaintiff requests the defendant either cures its motion for more definite statement or provides a response to the plaintiff with the dates, times, locations, specific personnel contacted and modes of communication that the United States Attorney used to gather the requisite information to prepare the motion, and identify the specific information that none of the personnel listed below and identified in the complaint, when interviewed by the United States Attorney, were able to provide. The plaintiff would hope that all pertinent interviews were conducted within the original 60-day statutory timeframe the defendant had to answer the complaint, which began on November 14, 2007.

Mr. Pereda
LCDR Grunawalt
Mr. Fisher
Ms. Baza
Ms. Tinkham
CAPT Freeman
CAPT (SEL) Enriquez
LT Weinthal
Mr. Lloyd
LT Chiappetta

b. In the motion to dismiss or, in the alternative, motion to strike, the plaintiff requests the defendant cures the motion based on the evidence in the defendant's possession.

So submitted this 20th day of February, 2008.

*signature* Pro Se
David G. Matthews
PO Box 25177,
GMF, Guam 96921
671-789-0818
davedeb19@hotmail.com

# CASE MANAGEMENT NOTES

**DATE:** 16 June 2005

Call made to Mr. Matthews for the purpose of scheduling a FAP assessment interview with him and wife regarding reported incident of child abuse. Mr. Matthews was not available and message was left for him to return case manager's call as soon as possible.

Mr. Matthews returned case manager's call and was informed of the Family Advocacy Referral regarding his daughter. An appointment was scheduled for him and wife to be seen tomorrow, 17 June 2005, at 0900.

Vincent P. Pereda, MSW, BCD
FAP Case Manager

**Date:** 17 June 2005    FAP assessment interview of 17 June 2005 redacted due to lack of Privacy Act notification.



Name: Matthews, Dave

David G. Matthews, Pro Se
PO Box 25177
GMF, Guam 96921
671-789-0818

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

David G. Matthews,      CV-07-00030

    Plaintiff,

vs.      Certificate of Service

United States

    Defendant.

I, Christopher Allen, private process server, ASAP Process Servers, hereby certify that a copy of the "Motion To Sanction Defendant" civil case number CV-07-00030, David G. Matthews vs. United States of America, was served by personal service to the following:

U.S. Attorney's Office
by Michelle Perez
02/20/2008

7 pages

Dated: February 20, 2008

Christopher Allen
Private Process Server

US Attorney's Office
Districts of Guam & NMI

FEB 20 2008 1:29 pm
Michelle

Plaintiff's Exhibit A

1
Case 1:07-cv-00030    Document 45    Filed 09/08/2008    Page 11 of 11