LEONARDO M. RAPADAS
United States Attorney
MIKEL SCHWAB
Assistant U.S. Attorney
JESSICA F. CRUZ
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM
SEP 1 1 2008
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| DAVID G. MATTHEWS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL CASE NO. 07-00030<br><br>**UNITED STATES OF AMERICA'S MOTION TO COMPEL MENTAL EXAMINATION OF PLAINTIFF** |

**COMES NOW**, the Defendant, UNITED STATES OF AMERICA, by and through its undersigned counsel, pursuant to Rule 35(a), Federal Rules of Civil Procedure, and hereby moves the Court to order Plaintiff to submit to a mental examination to be made by Dr. Mark Levy and Dr. Ronald Roberts for the purpose of determining the exact nature and extent of Plaintiff's injuries, if any, and in support thereof states:

1. The Plaintiff claims that the United States' actions "caused him to suffer mental anguish, anxiety, embarrassment, and humiliation, depression, feelings of helplessness and anguish." See Amended Complaint, p. 12, Doc. No. 25.

1

ORIGINAL

2. Plaintiff has consulted no mental health therapists for evaluation or treatment.

3. There is a controversy between the parties as to the injuries, if any, sustained by the Plaintiff.

4. The mental examination of the Plaintiff is necessary in order that the United States may be in a position to defend as to the claimed injuries of the Plaintiff, as is more fully shown in the Declaration of Dr. Mark Levy attached hereto as "Exhibit A."

5. The mental examination is necessary because the United States has no other less intrusive means to discover relevant information pertaining to Plaintiff's emotional distress claims.

6. Plaintiff has agreed to a two-part mental examination by Drs. Ronald Roberts and Mark Levy on September 19, 2008 and September 26, 2008, respectively. (Letters from Plaintiff's counsel attached hereto as "Composite Exhibit B").

7. The United States will expend a substantial amount of funds to bring Drs. Levy and Roberts from California to Guam to conduct the mental examination.

8. That based upon recent interactions with Plaintiff, the United States has a good faith belief that Plaintiff may fail to submit to the mental examination on the agreed upon examination dates.

WHEREFORE, the United States respectfully requests this Court to grant an Order compelling Plaintiff to submit to a mental examination by Dr. Ronald Roberts on September 19, 2008 and Dr. Mark Levy on September 26, 2008.

//

//

//

RESPECTFULLY SUBMITTED: this 11th day of September, 2008.

                LEONARDO M. RAPADAS
                United States Attorney
                Districts of Guam and NMI

By *Jessica Cruz*
    MIKEL W. SCHWAB
    Assistant U.S. Attorney
    JESSICA F. CRUZ
    Assistant U. S. Attorney

3

LEONARDO M. RAPADAS
United States Attorney
MIKEL SCHWAB
Assistant U.S. Attorney
JESSICA F. CRUZ
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| DAVID G. MATTHEWS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL CASE NO. 07-00030<br><br>**DECLARATION OF UNITED STATES' DISCLOSED EXPERT MARK I. LEVY, M.D., IN SUPPORT OF UNITED STATES' MOTION TO COMPEL EXAMINATION OF PLAINTIFF** |

I, MARK I. LEVY, M.D., DO HEREBY DECLARE:

1. That I have been licensed as a physician and surgeon by the State of California since 1972 and am Board Certified as a: Diplomate of the National Board of Medical Examiners (1971); Diplomate of the American Board of Psychiatry and Neurology in Psychiatry (1981); and, Diplomate of the American Board of Psychiatry and Neurology with Added Qualification in Forensic Psychiatry (1999). I hold a designation as a Distinguished Life Fellow with the American Psychiatric Association and I am an Assistant Clinical Professor of Psychiatry at the University of California, San Francisco.

GOVERNMENT EXHIBIT A

2. The mission of the independent forensic evaluator, in civil matters where psychiatric damages are alleged, is to determine whether or not the plaintiff is suffering from a mental disorder(s) and, if so, to ascertain what relationship exists, if any, between said disorder(s) and the defendant's alleged mis(conduct). In addition, it is the mission of the forensic psychiatric evaluator to make a careful assessment of causation and, if possible, the credibility of plaintiff's statements during the IME examination, not to usurp from the trier of fact the responsibility to answer ultimate questions about truthfulness, but to inform the fact finder of the expert's own clinical assessment of the plaintiff's statements. **Thus, the independent forensic psychiatric examiner seeks to determine, on the basis of all available evidence, the most probable diagnosis, the most probable proximate cause, the most probable functional impairments (damages) and the credibility of the plaintiff as a clinical historian.** If asked, a forensic evaluator may also offer treatment recommendations, cost estimates, etc.

3. I have been retained by counsel for Defendant United States of America to review the records and files pertaining to this matter, to examine the Plaintiff, and to thereafter render opinions as to the existence, nature, extent and causation of the damages claimed by the Plaintiff herein. In the performance of my duties in this case, I have read the Administrative Claim, pleadings, Plaintiff's responses to Request for Interrogatories, Production of Documents, and Admissions, Case Review Committee minutes, Department of Public Welfare records, Fleet and Family Support Center records, and Plaintiff's Navy and Army employment records.

3. It is my belief and opinion that both psychometric testing by Ronald Roberts, PhD. (a licensed forensic neuro-psychologist who works with my forensic medical group) and an examination by me are part of a single IME and are necessary in this action.

5. Based upon the facts of this case, it is also my opinion that it is preferable to perform the two phases of this single IME on two different days.

2

6. My opinions are based upon the following.

   a. The Plaintiff is contending that he is suffering from the following symptoms suggestive of one or more Axis I mental disorders as described in the <u>Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Text Revised</u>,2000 ("<u>DSM-IV TR</u>"): mental anguish, anxiety, embarrassment, humiliation, depression, and feelings of helplessness. Therefore, his mental status needs to be assessed according to the diagnostic criteria and principles of the <u>DSM-IV TR</u>. The <u>DSM</u> has been published for more than a quarter century by the American Psychiatric Association which created and has continuously updated this document in order to codify the diagnosis of psychiatric disorders, in keeping with the principles of modern, evidence-based medicine. As a physician who is board certified in both psychiatry and forensic psychiatry, the diagnosis and treatment of mental disorders is wholly within my scope of practice.

   b. As with all medical specialties, correct psychiatric diagnosis is critical to the proper understanding of the etiology and course, prognosis and treatment of mental disorders. It is established forensic psychiatric practice procedure for a forensic psychiatrist to conduct and manage the multiple components of a psychiatric Independent Medical Examination ("IME") in a manner similar to the way any other physician specialist conducts a thorough diagnostic evaluation. Just as it is appropriate for a neurologist evaluating a head injury claim to conduct a history and physical examination and then to send the examinee for specialized tests administered and interpreted by other experts such as imaging studies by neuroradiologists in order to refine and clarify his initial diagnostic impressions, so does a forensic psychiatrist conduct an in depth and detailed clinical examination and sends the examinee to a forensic psychologist for the purpose of administering, scoring and interpreting a battery of psychological tests. This battery

3

of tests should include self-report tests, other personality tests directed at discerning more hidden emotional issues and intelligence tests if indicated. This testing, however, is only one part of the single psychiatric IME that shall be conducted, integrated and reported by me, as the consulting forensic psychiatrist.

7. It is my professional opinion that the psychiatric interview portion of the IME examination of plaintiff will take approximately six (6) to eight (8) hours to complete, given the plaintiff's acknowledged history of pre-existing conditions and unrelated stressors and the complexity of the plaintiff's allegations in the case. In order to evaluate the plaintiff's current claims, it is essential to also assess his level of functioning prior to the alleged incidents. Therefore the evaluation must include the taking of a complete personal history (including a family, social, and environmental history), a work history, a medical and psychiatric history, legal, military and substance abuse histories (if any), a history of relationships and traumas as well as a detailed account of the events which the plaintiff alleges were the cause of his current emotional damage claims. The interview must also include a mental status examination to evaluate his mood, speech, thought processes, and other mental functions.

8. In addition to my clinical interview, the examination will also include psychometric testing of the plaintiff performed by Ronald Roberts, PhD, an experienced clinical and forensic neuro-psychologist who is specifically trained in the administration and interpretation of psychological test data from both clinical and forensic populations.

9. The psychological examination will require approximately four (4) to six (6) hours (four to five hours of testing and one hour of total breaks). That amount of time is necessary to do a comprehensive examination of intellectual functioning, judgment, psychological symptoms, mental disorders and personality traits -- all of which have a direct bearing upon obtaining an accurate diagnosis and estimate of any claimed functional impairment and subjective distress.

4

10. No single test is sufficient nor should it be accepted in isolation by the fact finder as dispositive. The utilization of several tests and methods is the most accurate and generally accepted standard procedure to determine scientifically reliable and valid inferences regarding diagnosis, functional impairment and subjective distress. Inter-test corroboration is sought by the examiner. Most importantly, a "multi-method" test battery, including self-report tests and tests in which psychological perception and judgment can be directly observed, is the standard for psychological assessment and the approach most likely to yield reliable and valid inferences to assist the trier of fact.

11. A typical independent psychological examination would include one or two of the self-report test inventories listed below, as well as a projective test such as the Rorschach Inkblot Test. All of these tests have been widely validated by the scientific community and accepted by the courts for scientific testimony regarding emotional distress, impairment, psychiatric symptoms and mental disorders. These tests are neither stressful nor arduous to complete; plenty of time will be allowed with rest breaks as often as necessary.

    a. It is not always possible to specify in advance every test that will be appropriate; sometimes after initial data is gathered, a particular test that may not have been listed in this paragraph the most appropriate for answering a particular question. However, any test that would be administered will be similar to the ones mentioned below. These tests assess symptoms and impairments as well as adaptive coping resources and social support:

       i. Minnesota Multiphasic Personality Inventory- 2 (MMPI-2),

       ii. Personality Assessment Inventory (PAI).

    Selective intelligence and cognitive testing may also be administered, as indicated, such the Wechler Adult Intelligence Scale – Revised (WAIS-R).

5

Case 1:07-cv-00030   Document 50   Filed 09/11/2008   Page 8 of 13

12. There will be no duplication between my forensic psychiatric exam and the forensic psychological testing performed by Dr. Ronald Roberts.

13. In my professional experience, having conducted numerous evaluations in cases similar to this one during the past 30+ years, in the interest of not unduly fatiguing the plaintiff, it is best to schedule the two portions of the IME, i.e. the psychiatric interview and the psychological testing, on separate days. A forensic evaluation of this nature must, out of necessity, be more detailed and complex than the abbreviated initial clinical evaluation done for the purposes of treatment, since forensic psychiatric experts for the defense generally do not have the luxury of gathering information through a series of follow-up interviews. Moreover, it has been my experience that a plaintiff is frequently more defensive during the interview process conducted by experts for the defense than are typical clinical patients, thus requiring a more patient and detailed questioning of the examinee in order to obtain a thorough account of the person's history and/or symptoms. This, in turn, extends the time needed for the interview. However, carefully obtained diagnostic information and prognostic assessment ultimately serves best the trier of fact. To limit and exclude from the history any major areas of life activity could compromise the diagnostic endeavor. It is therefore my experience and professional opinion that to either narrow the time allowed for the psychiatric interview and/or the psychometric assessment evaluation and/or to limit the scope of questions that may be asked of the plaintiff, or areas of his psychological history that may be examined, could compromise the quality and the integrity of the examination and the evidence thus produced.

14. Similarly, to compel the plaintiff to undergo both portions of the IME in a single day runs the risk of simply exhausting him, necessitating a rescheduling at a later date anyway in order to complete the IME. Therefore, we recommend structuring the time frame for the IME in a manner that best serves everyone's interests and does not risk unduly fatiguing the examinee.

//

6

I declare under penalty of perjury that allegations in the foregoing Declaration are true and correct, except as to those matters stated on information and belief and as to those matters, I believe them to be true. Executed this 8 day of August, 2008 in Mill Valley, Marin County, California

_____
Mark I. Levy, M.D., D.L.F.A.P.A.

7

# LITTLEPAGE & ASSOCIATES, P.C.

396 W. O'Brien Drive  
Chode Building  
Hagåtña, Guam 96910

TELEPHONE: (671) 475-1111  
TELECOPIER: (671) 475-1112  
E-mail address: guamlawyer@yahoo.com

August 14, 2008

Mr. Mikel Schwab, Esq.  
Assistant U.S. Attorney  
Districts of Guam and NMI

Re: Matthews v. USA  
    District Court Case No. CV 7-30

Dear Mikel:

I apologize if I got a little testy the other day; however, I did find the wording of Assistant U.S. Attorney Cruz's letter as implying that your Office would use information against Mr. Matthews in his current employment inappropriate. In addition I found the subpoena for his employment records and medical records overbroad and, as I told you earlier, I would oppose. However, calmer heads (that of my client) have prevailed. He has no objection to your subpoena for his records with the Army Reserve. However, I must advise you that the subpoena has been placed in his permanent military record which further exacerbates his damages. I trust you will follow the protocols of HIPAA and not use the documents beyond their necessary use and return or destroy all copies upon completion of this case.

With regards to the two experts you have proposed to evaluate Mr. Matthews, they both seem well qualified. I have gone over them with my client. He is reviewing the two curriculum vitae you have provided. I will let you know on Monday or Tuesday if he has a preference, and will provide you with Mr. Matthews' schedule so that we may arrange his evaluation soon. I will also be requesting to take the first of several depositions in the near future. The first will probably be Ms. Marcy Baza. I will provide you with some proposed dates.

Sincerely,

Lewis W. Littlepage

GOVERNMENT EXHIBIT B

## LITTLEPAGE & ASSOCIATES, P.C.

396 W. O'Brien Drive  
Chode Building  
Hagåtña, Guam 96910

TELEPHONE: (671) 475-1111  
TELECOPIER: (671) 475-1112  
E-mail address: guamlawyer@yahoo.com

August 20, 2008

Mr. Mikel Schwab, Assistant U.S. Attorney, Civil Chief  
Ms. Jessica Cruz, Assistant Attorney General  
Sirena Plaza, Suite 500  
108 Herman Cortez Avenue  
Hagatna, GU 06910

Re: David G. Matthews v. USA  
District Court of Guam Case No. CV 07-00030  
DM 287-03

Dear Mr. Schwab and Ms. Cruz:

I discussed with my client the possibility of going to the mainland to take the tests but he is disinclined to do so at this time. He is quite willing to sit down with any psychiatrist or psychologist on Guam.

However Mr. Matthews will check his schedule and confirm whether he is available for your proposed dates. We will need a copy of the test and the raw data for our own interpretation and evaluation as is customary.

Sincerely,

Lewis W. Littlepage

US Attorney's Office  
Districts of Guam & NMI

AUG 20 2008  
Time 15:53  
Receiving name mc  
Date keyed in Dbase  
Entered Into Dbase by:

# LITTLEPAGE & ASSOCIATES, P.C.

396 W. O'Brien Drive  
Chode Building  
Hagåtña, Guam 96910

TELEPHONE: (671) 475-1111  
TELECOPIER: (671) 475-1112  
E-mail address: guamlawyer@yahoo.com

August 21, 2008

Mr. Mikel Schwab, Assistant U.S. Attorney, Civil Chief  
Ms. Jessica Cruz, Assistant Attorney General  
Sirena Plaza, Suite 500  
108 Herman Cortez Avenue  
Hagatna, GU 06910

  Re: Matthews v. USA  
     District Court Case No. CV 7-30

Dear Mikel and Jessica:

In my letter of August 14, 2008, I mentioned that I would like to depose Ms. Marcy Baza. We are available on either September 12, 2008 or September 16, 2008. I will issue a Notice of Deposition once you indicate your preference.

Concerning your psychiatric evaluation of Mr. Matthews, he is available on the 19th and 26th of September, as you suggested.

Sincerely,

Lewis W. Littlepage

US Attorney's Office  
Districts of Guam & NMI  
AUG 21 2008  
Time  
Receiving name  
Date keyed in Dbase  
Entered into Dbase by: