David G. Matthews
PO Box 25177
GMF, Guam 96921
671-789-0818



**FILED**
DISTRICT COURT OF GUAM
SEP 12 2008
JEANNE G. QUINATA
Clerk of Court

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

David G. Matthews,                                                    CV-07-00030

                    Plaintiff,

          vs.

United States

                    Defendant.

### PLAINTIFF'S MOTION TO RECUSE JUDGE

Comes now plaintiff and does hereby request that the judge in this lawsuit recuse herself.

Since filing this lawsuit, the plaintiff believes the court has been unfair and biased.

Courts have repeatedly held that positive proof of the partiality of a judge is not a

requirement, only the appearance of partiality. Liljeberg v. Health Services Acquisition

Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988) (what matters is not the reality of bias or

prejudice but its appearance); United States v. Balistrieri, 779 F.2d 1191, 1204 (7th Cir.

1985) (examining the legislative history of 28 U.S.C. 455(a) the recusal statute and

stating that this statute "is directed against the appearance of partiality, whether or not the

judge is actually biased."). 28 U.S.C. Section 455 provides (a) "Any justice, judge or

magistrate of the United States shall disqualify himself in any proceeding in which his

impartiality might reasonably be questioned." Section 455 is self-executing. A judge

may recuse sua sponte. See Taylor v. O'Grady, 888 F.2d 1189, 1200 (7th Cir. 1989).

The standard is objective, not subjective. U.S. v. Garrudo, 869 F.Supp. 1574 (S.D.Fla)

affirmed 139 F.3d 847 (11th Cir. 1994), rehearing granted and vacated 161 F.3d652

(1998), on rehearing 172 F.3d 806, cert. denied 528 U.S. 985 (1999). "The test is whether

a reasonable person, knowing all the relevant fact, would harbor doubts about the judge's

impartiality." Bryce v. Episcopal Church of Colo., 289 F.3d 648, 659 (10[th]

Cir.2003)(internal quotations omitted).

## BASIS FOR MOTION TO RECUSE

1. On December 26, 2007, the defendant filed a Motion For More Definite Statement.

On January 3, 2008, in his motion opposing the More Definite Statement, the plaintiff

alleged the defendant made false and misleading statements to the court in its Motion For

More Definite Statement. The court did not require the defendant to answer any of the

plaintiff's allegations of improprieties, but granted the defendant's Motion For More

Definite Statement.

2. On January 3, 2008, the plaintiff, an untrained pro se litigant, filed his Questions For

Court and Opposition to Defendant's Motion For More Definite Statement. To this day,

his two questions to the court remain unanswered.

3. On May 20, 2008, the plaintiff filed a 20 page motion, within the appropriate time, in opposition to the Defendant United States Of America's Motion To Enlarge Time, Set Aside Default; Unintentional Error, Clerical Mistake; Declaration of Mikel W. Schwab. The court's order dated May 21, 2008 states, "After reviewing Defendant United States of America's Motion to Enlarge Time, the Court hereby Grants an enlargement of time for Defendant to file its Answer to Amended Complaint until May 5, 2008, and Denies the Plaintiff's Application for Default Judgment." The plaintiff believes the court either erred or showed bias for the following reasons:

a. In the court's order, there is no indication the court ever reviewed the opposition filed by the plaintiff on May 20, 2008. If it did, the plaintiff would assume the order would state, "After reviewing Defendant United States of America's Motion to Enlarge Time **and Plaintiff's Opposition to Defendant's Motion to Enlarge Time and to Set Aside Default,** the Court hereby Grants..."

b. The Ninth Circuit has stated that district courts may deny a motion to set aside default if (1) the plaintiff would be prejudiced if the judgment is set aside, (2) the defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default. In re Hammer, 940 F.2d 524, 525-26 (9th Cir. 1991), the court in Hammer further stated explicitly that "[t]this tripartite test is disjunctive," meaning that the district court would be free to deny the motion if any of the three factors was true. Id. at 526. The court may have considered the aforementioned factors, but it certainly did not satisfy to the plaintiff that it did. Furthermore, this significant issue was decided without an oral argument.

3

1. **The plaintiff would be prejudiced if the judgment is set aside.** In its Order Re Request for Reconsideration dated Jul 11, 2008, the court wrote, "There is no evidence suggesting that counsel refused to timely respond to the complaint in order to unfairly prejudice the Plaintiff..." The plaintiff believes the court either erred in its understanding of "prejudice" to the plaintiff or again showed bias in favor of the defendant. The plaintiff understands that prejudice in this regard is not defined as any malice or premeditation towards the plaintiff, rather the consequences of the defendant's actions against the plaintiff. The court did not consider, or display to the plaintiff that it considered, the fact that the plaintiff will deploy for a year with the U.S. Army, thus delaying litigation, and the additional costs to the plaintiff to continue litigation, e.g., deposition costs, etc.

2. **The defendant has no meritorious defense.** The court did not address meritorious defense. To justify vacating a default judgment, the defendant was required to present the district court with specific facts that would constitute a defense. See Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969). The defendant never did. Its only defenses were in its amended complaint, where the defendant claimed 16 affirmative defenses, the first being, "The suit is barred because Plaintiff failed to exhaust his administrative remedies as required by the Administrative Procedures Act." The Administrative Procedures Act applies to only those who seek non-monetary damages; the plaintiff is suing for $1.9M. Hence, the defendant's first affirmative defense is meaningless. Affirmative defenses 2 – 16 are various movements by the defendant in the fetal position. A "mere general denial without facts to support it" is not enough to vacate a default

4

or default judgment. Id. The defendant was not required to provide a shred of evidence to support any of their defenses, which the plaintiff believes is a prerequisite for the court to consider whether the defendant did in fact have a meritorious defense.

3. **The defendant's culpable conduct led to the default.** In his 20 page motion, the plaintiff's previous counsel, Mr. Littlepage, presented considerable case law to show the defendant's neglect was not excusable. To a layman, such as this plaintiff, it's inconceivable that the court would consider the defendant's culpable conduct or negligence as excusable, especially considering the vast resources available to the defendant, the United States of America.

4. On August 25, 2008, the defendant filed a motion to appoint a guardian ad litem for the plaintiff's daughter, Desiree. According to the plaintiff's previous attorney, Mr. Littlepage, and the court docket, the plaintiff had until September 8, 2008 to file a motion in opposition. On September 5, 2008, the court granted an order appointing a guardian ad litem. The court granted the defendant's motion based on a terse pleading from the defendant without considering the plaintiff's opposition and without considering the merit of the defendant's motion, which was merely to harass the plaintiff. The plaintiff's daughter is not a litigant in this lawsuit and she is not in harm's way. It is outrageous to usurp parental authority without even a hearing.

5. Lastly, due to their interactions in other matters before the court, e.g., Ordot landfill, the plaintiff feels the judge and the defendant's lead counsel have a close relationship that may have had, or might in the future, influence decisions before the court.

The plaintiff perceives Mr. Scwab, the lead defense counsel, barrels around the courthouse and is given license to submit any motion without due regard for the plaintiff's counter arguments. Again, this is evidenced by the fact that the plaintiff's allegations of misrepresentations in his Motion For More Definite Statement went unchallenged by the court; the court did not require Mr. Schwab to address the substantive issues in regards to the Motion For Default Judgment, i.e., prejudice to plaintiff, meritorious defense and excusable neglect; and the court granted his motion to appoint a guardian ad litem without considering the plaintiff's opposition. By contrast, the judge has never seen the plaintiff or his previous attorney, Lewis Littlepage, on any substantive issue before the court.

## CONCLUSION

The plaintiff is litigating because he was damaged by the defendant, the United States of America. He filed his lawsuit with the hope that this court would treat him fairly and judiciously. The plaintiff does not believe he is being treated fairly, that he is on an unleveled playing field and hereby requests the judge recuse herself. In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice. A judge, like Caesar's wife, should be above suspicion."

Respectfully submitted this 12th day of September 2008.

David G. Matthews , Pro Se
PO Box 25177,
GMF, Guam 96921
671-789-0818
davedeb19@hotmail.com