1
2
3
4
5
6
7                           DISTRICT COURT OF GUAM
8                            TERRITORY OF GUAM
9
10   DAVID G. MATTHEWS,                        Civil Case No. 07-00030
11                  Plaintiff,
12          vs.                                        **ORDER**
13   UNITED STATES OF AMERICA,
14                  Defendant.
15
16          This case is before the court on a Motion to File Second Amended Complaint filed by the
17   Plaintiff David G. Matthews ("Plaintiff"). *See* Docket No. 151. The Defendant United States of
18   America ("the Government") opposes. *See* Docket No. 160.
19          The Plaintiff asks leave to file a second amended complaint, and to exceed any page
20   limit under federal or local rules. *See* Docket No. 151. He states that he "failed to overly
21   include" a cause of action that the Commander, U.S. Naval ForcesMarianas ("COMNAVMAR")
22   "ordered him to perform a function that was fraught with fraud, waste and abuse – an unlawful
23   order." Docket No. 151, p. 1. He contends that upon his refusal to follow the order, he was
24   "threatened with disciplinary action" which, with the Family Advocacy Program ("FAP") Case
25   Review Committee ("CRC") proceeding "resulted in constructive discharge." *Id.*
26          The Government opposes the motion, arguing that amended complaint attempts to bolster
27   his claims by "masquerading it as a new cause of action for constructive discharge based on the
28   Navy's alleged unlawful housing program." Docket No. 160. The Government contends that

the new claim is "entirely unrelated" to the FAP and that it does not arise out of the conduct, transaction or occurrence set out in the original pleading.

The Plaintiff filed his initial complaint in this case on November 9, 2007, and filed an amended complaint on April 18, 2008. *See* Docket Nos. 1 and 25. Therefore, amendment is permitted "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Furthermore, such amendment "relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). The relevant provision in this case would be that the Plaintiff's new constructive discharge claim " arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

The court recognizes that Rule 15 provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).

But more specifically, when the amendment is sought in order to state a new claim against an original defendant, the Ninth Circuit has articulated the following test: "We consider whether the original and amended pleadings share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question." *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989). "Claims arise out of the same

conduct, transaction, or occurrence if they "share a common core of operative facts" such that
the plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co.*, 517
F.3d 1120, 1133 (9th Cir. 2008).

The Government asserts that the Plaintiff cannot satisfy the Ninth Circuit's standard. *See*
Docket No. 160. The Ninth Circuit instructed that "the district court should . . . analyze[] the
two pleadings to determine whether they share a common core of operative facts sufficient to
impart fair notice of the transaction, occurrence, or conduct called into question." *Martell*, 872
F.2d at 327. A comparison of the previously filed complaints and the Second Amended
Complaint reveals that they do not "share a common core of operative facts to impart fair
notice." *Id.*

The original and amended complaint raise claims of infliction of emotional distress and
invasion of privacy. *See* Docket Nos. 1 and 25. Both complaints focus on allegations of child
abuse and how these allegations were handled by the FAP and the CRC, and the subsequent
identification of the Plaintiff as a child abuser in the Navy-Marine Corps Central Registry. *See*
*id.*

The new claim of unlawful discharge in the Second Amended Complaint alleges
improprieties in COMNAVMAR's Overseas Housing Allowance Program ("OHA"). However,
upon review, nothing in the Second Amended Complaint demonstrates how the Plaintiff's
position as the Director of the OHA Program and his dispute with the administration of the OHA
program are supported by the same evidence as the claims originally raised. The evidence
supporting the new constructive discharge claim arise from the Plaintiff's civilian employment,
while the previously raised claims arise from the allegations of child abuse and the how these
allegations were handled by the FAP and the CRC. The prior complaints and the Second
Amended Complaint do not "share a common core of operative facts sufficient to impart fair
notice" that the Plaintiff could raise a new claim of constructive discharge. *Martell*, 872 F.2d at
327.

Furthermore, adding the new claim of constructive discharge would result in undue delay
and undue prejudice. *See Roth*, 942 F.2d at 628. According to the Government, defending

against the new claim would require opening discovery for another six months to one year to allow for deposing new witnesses and re-depose existing witnesses, to investigate and collect documents. *See* Docket No. 160. Moreover, the new claim would result in unfair prejudice, as the Government would have to begin a new investigation into the new claim, because it could not have inferred the new claim from the amended complaint.

Relation back of pleadings under Rule 15 is allowed, and the Ninth Circuit "will find such a link when 'the claim to be added will likely be proved by the "same kind of evidence" offered in support of the original pleadings.'" *Dominguez v. Miller*, 51 F.3d 1502, 1508 (9th Cir. 1995) (quoting *Rural Fire Prot. Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir. 1966)). This is not the case here. The court finds that the Plaintiff would not "rely on the same evidence to prove" the claims of invasion of privacy and emotional distress and the new claim of constructive discharge. *Williams*, 517 F.3d at 1133.

In conclusion, this court's analysis of the amended complaint and the Second Amended Complaint reveals that they do not "share a common core of operative facts sufficient to impart fair notice of the transaction, occurrence, or conduct." *Martell*, 872 F.2d at 327. Finally, the court finds that allowing amendment would result in undue delay and unfair prejudice. Accordingly, the Motion to File Second Amended Complaint is hereby denied.

**SO ORDERED**.



/s/ Joaquin V.E. Manibusan, Jr.
    U.S. Magistrate Judge
    Dated: Jan 10, 2011